**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Steven McLAIN, Defendant and Appellant.**

Cr. No. 1208.

Supreme Court of North Dakota.

March 26, 1987.

Tom P. Slorby, State's Atty., Minot, for plaintiff and appellee; submitted on brief.

Ralph R. LePera, Manhattan Beach, Cal., for defendant and appellant; submitted on brief.

VANDE WALLE, Justice.

Steven McLain appealed from the order of the district court of Ward County denying his application for post-conviction relief in which he alleged ineffective assistance of counsel at his trial. We affirm.

McLain was convicted on June 18, 1980, of gross sexual imposition. The details are set forth in the court's opinions in the appeal from the judgment of conviction [*State v. McLain*, 301 N.W.2d 616 (N.D. 1981)] and in the appeal from the order denying McLain's motion for a new trial [*State v. McLain*, 312 N.W.2d 343 (N.D. 1981)]. On August 6, 1984, McLain filed an application for relief pursuant to the Uniform Post-Conviction Procedure Act [Chapter 29–32, N.D.C.C.].

In his application McLain contends that he did not receive effective assistance of counsel, in violation of his Sixth Amendment rights. The trial court found that McLain was not denied a fair trial because of inadequate representation, and denied his petition.

On appeal, McLain raises the following allegations to establish his claim of ineffective assistance of counsel:

1. Counsel did not seek a change in venue despite extensive pretrial publicity.

2. Counsel did not seek to suppress jeans which contained samples of blood of the same type as the victim's.

3. Counsel did not sufficiently investigate whether additional witnesses existed and failed to seek character witnesses until the first day of trial.

4. Counsel failed to adequately prepare McLain for testifying and failed to protect McLain's rights during trial.

5. Counsel consumed alcohol during the trial.

6. Counsel failed to file a timely motion for a new trial.

7. Counsel was physically and mentally unfit to represent McLain.

■ The ultimate inquiry in all cases involving an allegation that the defendant was not adequately represented by counsel is whether or not he received reasonably effective assistance of counsel. *State v. Micko*, 393 N.W.2d 741 (N.D.1986). We have previously held that the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), is consistent with our earlier decisions which have addressed the issue of ineffective assistance of counsel. *Micko, supra; State v. Patten*, 353 N.W.2d 30 (N.D.1984). This standard requires the defendant to establish two elements: that counsel's performance was deficient, and that the deficient performance prejudiced the defense. *Strickland, supra; State v. Kunkel*, 366 N.W.2d 799 (N.D.1985). The defendant has the burden to prove both elements, and failure to do so is fatal to his claim. *Strickland, supra; Micko, supra.*

■ The first element of the *Strickland* test—whether or not counsel provided reasonably effective assistance—establishes the benchmark against which counsel's alleged deficient performance is measured. In determining whether or not the attorney rendered "reasonably effective assistance," we must consider all the circumstances. *Micko, supra; State v. Thompson*, 359 N.W.2d 374 (N.D.1985). For the defendant to prove that his attorney's performance was deficient requires a showing that the attorney made errors so serious that he did not function as the "counsel" guaranteed the criminal defendant by the Sixth Amendment. *Strickland, supra.*

In *State v. Motsko*, 261 N.W.2d 860, 863 (N.D.1978), Justice Vogel observed:

"It is easy for new counsel on appeal (or for an appellate judge, for that matter) to go through a transcript and find matters that could have been explored further, questions that could have been asked but were not, questions that were asked that should not have been asked, objections that could have been made that were not, and witnesses who could have been called but were not or witnesses who would have been better left uncalled. Hindsight is perfect and criticism is easy. But the lawyer engaged in a trial, who has made an investigation of the facts and has talked to the witnesses, may have his own reasons and they may be very good reasons for not asking a question or making an objection or calling a witness. In all fairness, courts must pay some respect to the right and duty of attorneys, whether court-appointed or not, to use judgment in the heat of a trial, and we must have some doubts about the accuracy of second-guesses later on."

 Consistent with the policy set forth in *Motsko*, when this court analyzes the defendant's claim under the first element of the *Strickland* test, we apply a presumption that counsel's conduct was reasonable, and the burden is on the defendant to prove that the representation provided by his attorney "fell below an objective standard of reasonableness." *Micko, supra*, at 747. The ultimate focus must be on the fairness of the proceeding and counsel's role in ensuring this fairness. *Strickland, supra; Micko, supra.* Thus we scrutinize counsel's conduct with a great deal of deference, consciously attempting to limit "the distorting effect of hindsight by reconstructing the challenged circumstances and evaluating the attorney's conduct from this perspective." *Micko, supra; Thompson, supra.*

McLain's brief on appeal basically consists of unsupported allegations. In fact, McLain cites no caselaw regarding the standards to be applied. He makes no attempt to bring himself within the framework of the *Strickland* analysis and the caselaw of our State dealing with ineffective assistance of counsel. He merely sets forth several alleged errors, and reasons that as a result of those alleged errors his Sixth Amendment rights have been violated.[1]

We need not address both elements of the *Strickland* test, and in fact if we can dispose of the case by addressing only one element we are encouraged to do so. *Strickland, supra; Micko, supra; Patten, supra.* Our decision in this case is determined by examining the second element of the *Strickland* test.[2] Pursuant to this element, the defendant must "affirmatively present proof of actual prejudice." *Micko, supra*, at 747; *State v. Kroeplin*, 266 N.W.2d 537, 544 (N.D.1978). The question under this element is whether or not there is a reasonable probability that, *but for* counsel's unprofessional conduct, the proceeding's result would have been different. *Micko, supra; Thompson, supra.* In a criminal case the question becomes whether or not "there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting the accused's guilt." *Micko, supra; Thompson, supra.* In *Strickland*, "reasonable probability" was defined as a probability "sufficient to undermine confidence in the outcome." 466 U.S. at 694, 104 S.Ct. at 2065, 80 L.Ed.2d at 698.

---

1. McLain's claim in regard to his trial attorney's failure to seek out witnesses is at least an assertion which arguably could meet the first element of *Strickland*. McLain alleges that counsel erred by not discovering the witness Albert Mosser. However, as the trial court observed in denying post-conviction relief, Mosser's testimony would not add anything to McLain's case. It is not ineffective assistance of counsel to fail to discover a witness who is not beneficial to the defense. McLain concedes in his brief, "[I]t is unknown at the present time how many other witnesses were not contacted and who could have assisted applicant in the preparation of his defense."

2. Although we do not base our decision on the first element of the *Strickland* test, we note that counsel's conduct in this case appears to meet the requirement of "reasonably effective counsel."

McLain's argument in the district court and on appeal fails in most instances to allege, and in all instances to establish, that the result of the proceeding would have been altered if it had not been for his attorney's errors. Thus McLain's assertion that his attorney failed to locate additional witnesses, and that he therefore received ineffective assistance of counsel, lacks merit. McLain neither identifies who the additional witnesses are, nor how their testimony would have aided his case. In *State v. Schlickenmayer*, 364 N.W.2d 108 (N.D. 1985), the defendant similarly claimed that he received ineffective assistance of counsel because additional witnesses were not called to testify. We stated: "Conclusory allegations that counsel failed to call certain witnesses without indicating what the testimony would have been, how it might have affected the outcome of the trial, or what prejudice may have resulted from the failure to call them, do not support a claim of ineffective assistance of counsel." *Schlickenmayer, supra,* at 112. The same conclusion must be reached here. The conclusory nature of McLain's allegations of ineffective assistance of counsel is not sufficient to overcome the presumption that his attorney's conduct falls within the wide range of reasonable professional assistance. *Strickland, supra; Kunkel, supra; Schlickenmayer, supra.*

The situation in which a criminal defendant questions the adequacy of his attorney was aptly described in *Motsko, supra,* at 863, as follows:

It is all too easy to think that a verdict of guilty shows that the tactics used at the trial failed, and from that jump to the conclusion that other tactics would have succeeded, and from that to the conclusion that the attorney must have been incompetent for not using successful tactics. This approach, of course, ignores the possibility that the defendant may be guilty and that no defense lawyer could succeed in obtaining an acquittal if the prosecution is reasonably competent and the court commits no reversible error."

After thoroughly examining the record, we find no merit in McLain's claim that he did not receive the effective assistance of counsel guaranteed by the Sixth Amendment. We affirm the order of the trial court which denied McLain's application for post-conviction relief.

ERICKSTAD, C.J., and LEVINE, MESCHKE and GIERKE, JJ., concur.