Michael A. **LANGE**, Petitioner and Appellant,

v.

**STATE** of North Dakota, Respondent and Appellee.

Civ. No. 940087.

Supreme Court of North Dakota.

Oct. 3, 1994.

Rauleigh D. Robinson, Bismarck, for petitioner and appellant.

John J. Mahoney, State's Atty., Center, for respondent and appellee.

VANDE WALLE, Chief Justice.

Michael Lange appealed from the order denying his application for post-conviction relief based on a claim of ineffective assistance of counsel. We affirm.

The underlying facts in this case are set forth in *State v. Lange,* 497 N.W.2d 83 (N.D. 1993), in which we decided issues of double jeopardy and counseling-record privilege. Lange was accused of abducting a young woman in Mercer County and committing two acts of gross sexual imposition against her before transporting her to Oliver County

and committing two more acts of gross sexual imposition. Lange was tried and acquitted of the charges of abduction and two counts of gross sexual imposition in a Mercer County trial. Three weeks later, he was tried on the charges in Oliver County and convicted on one of two charges of gross sexual imposition. Lange was represented by the same counsel at both trials and on his appeal on the merits of the Oliver County conviction. In both trials Lange relied on the consent defense. He alleges ineffective assistance of counsel in the Oliver County proceeding.

In order to establish his claim of ineffective assistance of counsel, defendant's burden was twofold. First, he needed to prove that his counsel's performance was defective. *State v. McLain*, 403 N.W.2d 16 (N.D.1987); *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Second, he needed to show that his defense was prejudiced by the proven defects. *Id.* Lange has not met this heavy burden.

Analysis of the first element of the *Strickland* test, whether counsel's performance was deficient, requires consideration of all circumstances to determine whether there were "errors so serious" that defendant was not accorded that "counsel" guaranteed by the Sixth Amendment. *McLain*, 403 N.W.2d at 17; *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064. Effectiveness of counsel is measured by an "objective standard of reasonableness" considering "prevailing professional norms." *Strickland*, 466 U.S. at 688, 104 S.Ct. at 2065. A great deal of deference is accorded trial counsel. *Id.* at 689, 104 S.Ct. at 2065; *State v. Motsko*, 261 N.W.2d 860 (N.D.1977). Courts presume counsel's conduct to be reasonable and consciously attempt "to limit 'the distorting effect of hindsight.' " *McLain*, 403 N.W.2d at 18 [citing *State v. Thompson*, 359 N.W.2d 374, 377 (N.D.1985) ]; *see also Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065.

This court will not disturb a trial court's findings of fact in a post-conviction hearing unless they are "clearly erroneous." *Schwindt v. State*, 510 N.W.2d 114 (N.D. 1994). Decisions regarding ineffective assistance of counsel entail mixed questions of fact and law. *State v. Skaro*, 474 N.W.2d 711 (N.D.1991) [citing *Strickland v. Washington*, 466 U.S. at 698, 104 S.Ct. at 2070]. Our analysis proceeds with recognition that the district court "is in a better position to judge the credibility and demeanor of the witnesses." *Stoppleworth v. State*, 501 N.W.2d 325, 327 (N.D.1993).

Lange alleges several deficiencies in his counsel's performance in the Oliver County trial and concludes that the representation was "tired" and "casual." However, Lange's lack of evidentiary proof reduces his allegations to nothing more than the hindsight questioning of tactical decisions made within counsel's "wide range of reasonable professional assistance." *See State v. Kunkel*, 366 N.W.2d 799, 802 (N.D.1985) [citing *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065]. A review of several of Lange's allegations of deficiency of counsel makes this clear.

Lange asserts that counsel's failure to present expert medical testimony of the weakened condition of his wrist amounted to ineffective assistance of counsel because this evidence would have shown that Lange did not have the strength to have performed the acts in the manner in which he was accused, i.e., without the consent and cooperation of the complaining witness. However, in the post-conviction proceeding, the trial court found that there was no evidence that "Mr. Lange had anything but tenderness over his wrist area" and that the testimony of Lange and his wife sufficiently presented this evidence at trial. Indeed, the court granted Lange additional time before his evidentiary hearing specifically to provide "amplification" of evidence to support his post-conviction relief petition. At this hearing, Lange failed to produce any expert witnesses to testify about his medical condition. Instead he presented copies of hospital records, doctors' notes and records, and Workers' Compensation Bureau documents.

In *State v. Ricehill*, 415 N.W.2d 481 (N.D. 1987), we stressed the importance of the post-conviction relief hearing to defendants claiming ineffective assistance of counsel. *Ricehill* also involved the accusation that counsel's failure to call a certain witness prejudiced the defense. We pointed out that

a post-conviction relief hearing pursuant to chapter 29–32.1, NDCC, would have given Ricehill a chance to prove, by affidavit or testimony of the proposed witness, that failure to subpoena the witness resulted in an unfair hearing. *Id.* We declined to even begin analysis of the ineffective assistance of counsel claim because the record was "devoid of any indication of what [the absent] testimony would have been...." *Id.* at 484. In the present case, we are again asked to hold a counsel's assistance ineffective because certain witnesses were not called to testify. Although in this case we have before us a record from a post-conviction relief hearing, we have not been provided with proof of what the uncalled witnesses' testimony would have been.

The record is devoid of any direct testimony that Lange was physically incapable of the act for which he was convicted. When asked during oral argument to point out in the record evidence of defendant's incapacity, Lange's counsel referred the Court to a Disability Certificate prepared for workers' compensation purposes. That certificate, signed by a medical doctor on April 2, 1991, states that Lange was under the doctor's professional care and was "totally incapacitated from 1/24/91 to 5/1/91." Lange was convicted for actions during the night of May 18 and the morning of May 19, 1991. The evidence Lange asserts should have been introduced was at best equivocal. Incapacity for Workers' Compensation ordinarily refers to earning capacity, *see,* section 65–01–02(13), NDCC. We are asked to assume here that "incapacity" for workers' compensation equates to physical inability to perform the acts with which Lange was charged. But, the certificate and the other medical documents in the post-conviction record, without expert testimony to clarify their meaning, in no way prove that Lange was physically incapable of performing the acts that provided the basis for his conviction.

■ Furthermore, trial counsel was not called by Lange to testify and thus was never asked why he did not introduce the medical evidence Lange now insists would have led to his acquittal. We will not speculate what trial counsel's testimony would have been.

Nevertheless, we recognize the possibility of a tactical decision to not introduce the medical evidence if testimony from the treating doctors, either on direct or cross-examination, would reveal that Lange's injury would not prevent his commission of the acts charged. Although the State could also have called trial counsel as a witness at the post-conviction hearing, the burden is on Lange to prove ineffective assistance of counsel. *McLain, supra.* Conversely, it is not the State's burden to prove counsel was effective.

Lange asserts that counsel telegraphed disinterest to the jury and portrayed the defendant as a liar and as someone "searching for other companionship at the bar." As evidence, he cites to several pages in the trial transcript in which counsel merely allows the defendant to tell his story of the events leading up to his meeting with the alleged victim. We fail to see how the elicitation of the defendant's side of the story portrays him as a liar or shows disinterest on the part of his counsel.

Lange complains that counsel failed to object to the State's motion in limine to suppress evidence of the results of the trial in Mercer County and to object to the prosecution's mention of facts which were relevant to the Mercer County trial. However, the finding of the trial court is that under no circumstances would it have admitted evidence of the Mercer County trial results. Also, defense counsel chose not to object to the introduction of facts occurring in Mercer County because he believed "that the entire facts of the night [were] relevant in presenting [Lange's] defense." Lange has not offered any expert testimony, or any other evidence, adequate to overcome the presumption that his counsel's decision was reasonable in this instance.

■ According to Lange, his counsel did not cross-examine the prosecution witnesses sufficiently enough to bring out the "glaring inconsistencies." However, he does not point to any matters which his counsel failed to address. Furthermore, adequacy of cross-examination is "ordinarily a matter of trial strategy" not to be second-guessed by reviewing courts. *State v. Schlickenmayer,* 364 N.W.2d 108, 112 (N.D.1985) [citing *Mot-*

*sko,* 261 N.W.2d at 863]. Lange has failed to offer any proof that trial counsel's cross-examination decisions were unreasonable or outside the range of current professional standards.

In his brief, Lange lists several other criticisms of his trial counsel's tactical choices. However, his failure to offer any proof that these trial decisions "fell below an objective standard of reasonableness" makes it impossible for this court to even begin an ineffective-assistance-of-counsel analysis. *See McLain,* 403 N.W.2d at 18; *Strickland,* 466 U.S. at 688, 104 S.Ct. at 2064. This is especially true considering we must start with the "presumption that [trial] counsel's conduct was reasonable." *E.g., McLain,* 403 N.W.2d at 18.

After a thorough examination of the record, we conclude Lange's claim of ineffective assistance of counsel is without merit. We find no merit in Lange's assertions of "irregularities" in the trial and bias by the trial court. We affirm the trial court's order denying Lange's application for post-conviction relief.

SANDSTROM, NEUMANN, LEVINE and MESCHKE, JJ., concur.