Filed 2/21/08 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2008 ND 29

Lance Patten, Petitioner and Appellant

v.

State of North Dakota, Respondent and Appellee

No. 20070144

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Bruce B. Haskell, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice.

Susan Schmidt, 400 East Broadway Avenue, Suite 27, Bismarck, N.D. 58501, for petitioner and appellant.

Cynthia Mae Feland, Assistant State’s Attorney, Matthew Ramage-White (on brief), third-year law student, Courthouse, 514 East Thayer, Bismarck, N.D. 58501-

4413, for respondent and appellee.

Patten v. State

No. 20070144

Crothers, Justice.

[¶1] Lance Patten appeals from an order denying his application for post-

conviction relief.  Patten argues the district court should have granted him post-

conviction relief because he received ineffective assistance of counsel when he pled guilty to criminal charges without first being given a psychiatric evaluation.  He also argues the court should have allowed him to withdraw his guilty plea because he was not criminally responsible for committing the criminal offenses due to his mental condition at the time the offenses occurred.  We conclude the district court did not err in determining Patten did not receive ineffective assistance of counsel and did not abuse its discretion in refusing to allow Patten to withdraw his guilty plea.  We affirm.

I

[¶2] On December 16, 2001, Patten confronted his ex-girlfriend when she attempted to leave the Bismarck apartment building where they both rented apartments.  She entered her vehicle, rolled up the windows and locked the doors, but Patten would not get off the vehicle.  Two people who happened by the scene pulled Patten away from the vehicle, and Patten went into his apartment and set fire to his mattress.  Patten left the apartment building in his vehicle and went to a gas station to fill his tank.  He waved a knife at people and drove off without paying.

[¶3] Police officers responding to a call from the gas station located and pursued Patten, but Patten would not pull over.  Patten attempted to evade the police by driving through a yard, but he became stuck in a ditch.  When the officers approached the vehicle, Patten refused to put down two knives and a lighter he was holding.  The officers eventually subdued Patten with pepper spray.  Patten then began spitting on the officers, forcing them to place a spit sock on him.  The officers took Patten to a hospital psychiatric ward and later to the Burleigh County Detention Center.

[¶4] In January 2002, Patten was charged with class C felony reckless endangerment, class B misdemeanor disorderly conduct, class C felony preventing arrest or discharge of duties, class B misdemeanor reckless driving, class A misdemeanor fleeing, and two counts of class C felony contact with bodily fluids.  An attorney was appointed to represent Patten.

[¶5] On February 4, 2002, the date set for his preliminary hearing, Patten waived the preliminary hearing and pled guilty to the charges.  When the district court asked Patten to explain “what happened,” Patten told the judge:

“DEFENDANT: I have schizo-effective disorder.  I thought that since I quit drinking that I could go without taking my medications, Your Honor.  I was wrong by that.  I’d been thinking a lot of delusional thoughts and my mind was racing and I just got into some trouble and I didn’t mean to hurt anybody and I’m sorry about what happened.”

After receiving a factual basis for the plea from Patten and the prosecutor, and after advising Patten of his rights under N.D.R.Crim.P. 11, the district court accepted the plea and ordered a presentence investigation.  On April 3, 2002, the court concurrently sentenced Patten to three years with the Department of Corrections, with two years suspended for five years.  Patten was released to probation in November 2002, but in August 2003, he was issued a no-contact order and was charged with simple assault, interference with a 911 call, and disobedience of a judicial order.  Patten’s probation was revoked and he was sentenced to two years with the Department of Corrections, suspended for four years.

[¶6] In August 2006, Patten filed a motion for a psychiatric evaluation, which was granted.  The clinical psychologist who performed the evaluation concluded Patten was “not criminally responsible” for the December 2001 criminal “offenses due to [his] mental condition, Schizoaffective Disorder,” but “he was likely trial competent at the time he pled guilty to the . . . charges.”  In January 2007, Patten moved for post-conviction relief, alleging he received ineffective assistance of counsel because his attorney did not request a psychiatric evaluation to determine his condition before allowing him to plead guilty to the criminal charges.  Patten also contended he should be allowed to withdraw his guilty plea because his 2006 psychiatric evaluation showed he was not criminally responsible when he committed the December 2001 offenses.  Following a hearing, the district court denied Patten’s application for post-

conviction relief.

II

[¶7] Patten argues he received ineffective assistance of counsel because his trial attorney failed to request a psychiatric evaluation before he pled guilty to the charges.

[¶8] In 
Heckelsmiller v. State
, 2004 ND 191, ¶ 5, 687 N.W.2d 454, this Court explained the standard of review for a claim of ineffective assistance of counsel in a post-conviction relief proceeding:

“Post-conviction relief proceedings are civil in nature and are governed by the North Dakota Rules of Civil Procedure.  
Varnson v. Satran
, 368 N.W.2d 533, 536 (N.D. 1985).  The issue of ineffective assistance of counsel is a mixed question of law and fact that is fully reviewable by this Court.  
Breding v. State
, 1998 ND 170, ¶ 4, 584 N.W.2d 493 (citing 
Falcon v. State
, 1997 ND 200, ¶ 21, 570 N.W.2d 719).  Nonetheless, a trial court’s findings of fact in a post-conviction relief proceeding will not be disturbed unless clearly erroneous.  N.D.R.Civ.P. 52(a); 
Frey v. State
, 509 N.W.2d 261, 263 (N.D. 1993).  A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if it is not supported by any evidence, or if, although there is some evidence to support the finding, a reviewing court is left with a definite and firm conviction a mistake has been made.  
Burlington Northern and Sante Fe Railway Co. v. Burlington Resources Oil & Gas Co.
, 1999 ND 39, ¶ 10, 590 N.W.2d 433.”

[¶9] The “heavy burden” required for a post-conviction relief applicant to prevail on an ineffective assistance of counsel claim was also described in 
Heckelsmiller
, 2004 ND 191, ¶ 3, 687 N.W.2d 454:

“[A] defendant claiming ineffective assistance of counsel has a heavy burden of proving (1) counsel’s representation fell below an objective standard of reasonableness, and (2) the defendant was prejudiced by counsel’s deficient performance.  
DeCoteau [v. State]
, 1998 ND 199, ¶ 6, 586 N.W.2d 156 (citing 
Mertz v. State
, 535 N.W.2d 834, 836 (N.D. 1995)).  “Effectiveness of counsel is measured by an ‘objective standard of reasonableness’ considering ‘prevailing professional norms.’”  
Lange v. State
, 522 N.W.2d 179, 181 (N.D. 1994) (quoting 
Strickland [v. Washington
, 466 U.S. 668, 688 (1984)]).  The defendant must first overcome the “strong presumption that counsel’s conduct falls within the wide range of reasonable professional assistance.”  
Stoppleworth v. State
, 501 N.W.2d 325, 327 (N.D. 1993) (quoting 
Strickland
, 466 U.S. at 689).  Trial counsel’s conduct is presumed to be reasonable and courts consciously attempt to limit the distorting effect of hindsight.  
Lange
, 522 N.W.2d at 181.”

In the context of guilty pleas, the second prong of the test is satisfied if the defendant shows “‘there is a reasonable probability that, but for counsel’s errors, he would not have pleaded guilty and would have insisted on going to trial.’”  
Ernst v. State
, 2004 ND 152, ¶ 10, 683 N.W.2d 891 (quoting 
Hill v. Lockhart
, 474 U.S. 52, 59 (1985)).

[¶10] Patten contends he was denied effective assistance of counsel because he asked his trial attorney about raising an insanity defense to the charges, but his attorney talked him out of it.  Patten testified he asked his attorney to request a psychiatric evaluation, but the attorney did not do so because “he told me that he thought that I wasn’t insane enough to where we’d be spinning our wheels and that there was so much overwhelming evidence against me and I had such a good deal coming from the State.”  However, Patten’s trial attorney testified he had written in his case notes that “we obviously talked about a psych eval and I’ve got in here that c[lient] does not want psych eval, wants to plead on the recommendation and out of Burleigh County Detention Center.”  The attorney also testified, “I’ve got underlined no eval period.”  When asked if anything about Patten indicated there was a “problem” with his mental state, the attorney testified:

“At that time he was adamant about not wanting an eval and very simply when I’m faced with that situation—somebody who is able to explain the charges to me, who I find very pleasant, very intelligent, who’s talking to me and we had some of the discussions he had with the Court that he basically knows he needs to stay on his meds, I assumed he had all of the faculties.”

Although Patten argues these discussions occurred after he pled guilty and before sentencing, the record reflects Patten wanted to plead guilty before he waived the preliminary hearing.  Patten’s attorney testified his notes indicated “client wants to plead and resolve the case and out or to pen.  I explained that I needed discovery.”

[¶11] In its oral findings made at the conclusion of the hearing, the district court found the attorney’s “version of the events is more credible to me” than Patten’s version.  “The task of weighing the evidence and judging the credibility of the witnesses belongs exclusively to the trier of fact, and we do not reweigh credibility or resolve conflicts in the evidence.”  
Greywind v. State
, 2004 ND 213, ¶ 22, 689 N.W.2d 390.  The district court’s finding on credibility is not clearly erroneous.  Patten told his attorney he did not want a psychiatric evaluation, and because Patten seemed capable of making appropriate decisions before he pled guilty, Patten’s attorney believed there was no need to force him to have an evaluation.  “In a criminal case, the lawyer shall abide by the client’s decision, after consultation with the lawyer, as to a plea to be entered.”  N.D.R. Prof. Conduct 1.2(a); 
see also
 
State v. Lowenfield
, 495 So. 2d 1245, 1252 (La. 1985) (“It appears beyond argument that when a competent defendant wishes to plead not guilty rather than not guilty by reason of insanity, and clearly understands the consequences of his choice, then the counsel must acquiesce to the wishes of his competent client. . . .  Neither can there be error in allowing the defense to comply with the defendant’s wish not to have his sanity examined at any point of the trial.”).

[¶12] Patten failed to establish his attorney’s performance was deficient.  We conclude the district court did not err in rejecting Patten’s claim of ineffective assistance of counsel.

III

[¶13] Patten argues the district court erred in refusing to allow him to withdraw his guilty plea because his 2006 psychiatric evaluation established he was not criminally responsible for his December 2001 actions.

[¶14] When a defendant applies for post-conviction relief seeking to withdraw a guilty plea, the application is treated as one made under N.D.R.Crim.P. 32(d).  
Greywind
, 2004 ND 213, ¶ 7, 689 N.W.2d 390.  “Withdrawal of a guilty plea is allowed when necessary to correct a manifest injustice, and whether there has been a manifest injustice supporting withdrawal of the plea lies within the district court’s discretion.”  
Id.
  “[A] trial court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, or . . . when the exercise of its discretion is not the product of a rational mental process.”  
Bell v. State
, 2001 ND 188, ¶ 21, 636 N.W.2d 438.

[¶15] The record of the guilty plea proceedings gives no indication that Patten was incompetent to enter his plea.  Indeed, the clinical psychologist who completed the 2006 psychiatric evaluation concluded Patten “was likely trial competent at the time he pled guilty.”  The district court determined the guilty plea was knowingly and voluntarily entered:

“[T]o all appearances, Mr. Patten fully understood the charges against him, fully understood the options that were set out to him by Mr. Schwarz and was able to assist in making the decisions on those options. Mr. Patten testified today that it was quite obvious I was insane.  Well it was not obvious to Mr. Schwarz, nor was it obvious to the Court. . . . Mr. Schwarz discussed the matters with Mr. Patten, got appropriate responses.  His impressions were that Mr. Patten understood.  In fact, Mr. Patten framed back to him what the charges were and what the conduct was that he was alleged to have committed . . . Mr. Schwarz simply had no reason to believe that Mr. Patten did not understand and was not able to assist in his own defense and that he was competent to do that.  With regard to the Court’s inquiry, and obviously I’m passing judgment on my own behavior here but when I read the transcript of the preliminary hearing and arraignment and when I read the transcript of the hearing, I made specific inquiries, those inquiries were appropriately responded to.  I did give Mr. Patten the opportunity at either the preliminary or the sentencing to take some time to visit with Mr. Schwarz if he needed to.  Mr. Patten said that he was a little nervous but he was able to proceed.  At the sentencing I specifically inquired as to whether Mr. Patten was on his medications.  Mr. Patten said he was and gave basically the impression anyway that as long as he’s on his medications, things are fine, and that’s the same testimony he gave today.”

[¶16] We do not view the psychologist’s 2006 opinion that Patten was not criminally responsible for his December 2001 actions as constituting a manifest injustice.  A voluntarily entered plea of guilty is a waiver of all non-jurisdictional defects.  
Eagleman v. State
, 2004 ND 6, ¶ 8, 673 N.W.2d 241.  Consequently, if a defendant is competent and voluntarily pleads guilty, the defendant waives the right to raise the defense of lack of criminal responsibility when the acts occurred.  
See
 
State v. Magnuson
, 1997 ND 228, ¶ 12, 571 N.W.2d 642.  This Court does not second guess matters of trial strategy.  
See
 
Noorlun v. State
, 2007 ND 118, ¶ 12, 736 N.W.2d 477; 
Mathre v. State
, 2000 ND 201, ¶ 7, 619 N.W.2d 627.

[¶17] We conclude the district court did not abuse its discretion in refusing to allow Patten to withdraw his guilty plea.

IV

[¶18] The order is affirmed.

[¶19] Daniel J. Crothers

Dale V. Sandstrom

Carol Ronning Kapsner

Mary Muehlen Maring

Gerald W. VandeWalle, C.J.