2008 ND 234

**Larry CLARK, Petitioner and Appellant**

v.

**STATE of North Dakota, Respondent and Appellee.**

**No. 20080122.**

Supreme Court of North Dakota.

Dec. 18, 2008.

See also 678 N.W.2d 765.

Kent M. Morrow, Bismarck, N.D., for petitioner and appellant; submitted on brief.

Ladd Ronald Erickson, Washburn, N.D., for respondent and appellee; submitted on brief.

VANDE WALLE, Chief Justice.

[¶ 1]   Larry Clark appealed from an order denying his application for post-conviction relief based on his claim of ineffective assistance of counsel.  We affirm, concluding the district court did not err in failing to hold an evidentiary hearing on his application and did not err in holding Clark failed to demonstrate he received ineffective assistance from his trial attorney.

I

[¶ 2]   In May 2003, a McLean County jury found Clark guilty of reckless endan-

germent for willfully creating a substantial risk of serious bodily injury or death to his daughter by stopping a motorcycle on which she was a passenger in front of a moving semi-truck. The jury also found Clark guilty of aggravated assault for willfully causing serious bodily injury to the driver of the truck. On the aggravated assault charge, the district court sentenced Clark to three years with the Department of Corrections with two years suspended for a period of three years. On the reckless endangerment charge, the court sentenced Clark to one year with the Department of Corrections, with the sentence to run concurrently with the sentence for aggravated assault. Represented by a different attorney than his trial attorney, Clark appealed to this Court and we affirmed the conviction in *State v. Clark*, 2004 ND 85, 678 N.W.2d 765.

[¶ 3] Clark was subsequently released from incarceration and placed on probation. In September 2006, the State petitioned to revoke Clark's probation, alleging he had committed aggravated assault in Minot. Following an evidentiary hearing in December 2006 during which Clark was represented by yet another attorney, the district court found Clark had violated the conditions of his probation and sentenced Clark to serve the remaining two years of his sentence on the 2003 reckless endangerment and aggravated assault conviction.

[¶ 4] On February 13, 2008, Clark, represented by the same attorney who represented him during the probation revocation proceedings, filed an application for post-conviction relief. Clark claimed he received ineffective assistance of counsel on the underlying conviction, citing 13 alleged instances of deficiencies in representation by his trial attorney. Clark requested the court "vacate the judgment of conviction against him and order a new trial on the merits." The application and brief were accompanied by an affidavit of a third party and copies of law enforcement reports about the incident leading to the conviction. In his brief in support of the application, Clark pointed out that "[t]he transcripts of the jury trial and sentencing can be found in the court's record" and he would "furnish a copy of that transcript to the court if the court deems it necessary." Clark did not request an evidentiary hearing on his application for post-conviction relief.

[¶ 5] In its March 3, 2008, response to the application for post-conviction relief, the State argued Clark had not received ineffective assistance of counsel and requested that "this petition be summarily dismissed." Clark did not respond to the State's brief, and on April 23, 2008, the district court denied Clark's application. In its decision, the court stated, "I have reviewed the transcript in this matter and recall the trial," and after addressing the alleged deficiencies in representation concluded, "Clark has not demonstrated that he received ineffective assistance from" his trial attorney.

II

[¶ 6] Clark, represented by yet another attorney in this appeal, argues the district court erred in summarily dismissing his application for post-conviction relief without allowing him an opportunity for an evidentiary hearing.

[¶ 7] The Post–Conviction Procedure Act, N.D.C.C. ch. 29–32.1, does not require that an evidentiary hearing be held on an application for post-conviction relief when the parties do not request a hearing.

In *Owens v. State,* 1998 ND 106, ¶ 15, 578 N.W.2d 542, the petitioner for post-conviction relief did not request an evidentiary hearing, but instead requested summary disposition in his favor. The State had requested an evidentiary hearing, but later withdrew its request and asked to have the matter decided without a hearing. *Id.* The district court ruled on the application under N.D.R.Ct. 3.2 " 'as requested by both parties.' " *Owens,* at ¶ 15. On appeal, the petitioner argued the district court erred in failing to hold an evidentiary hearing after having granted the State's request for a hearing. *Id.* at ¶ 14. Relying on this Court's interpretation of N.D.R.Ct. 3.2 in *Huber v. Oliver County,* 529 N.W.2d 179, 183 (N.D.1995), we said parties must make their own requests if they wish to be heard:

> Owens did not request an evidentiary hearing on his first amended application. Instead, he specifically requested summary disposition in his favor. The State scheduled and notified Owens of a hearing date, but later withdrew the request, and served a copy of its withdrawal on Owens' post-conviction counsel. As in *Huber,* 529 N.W.2d at 183, Owens' "reliance upon that initial request by another party is misplaced, at best." We conclude the trial court did not err in failing to hold an evidentiary hearing on the first amended application when the parties, to the court's knowledge, had agreed no evidentiary hearing was necessary.

*Owens,* at ¶ 17.

[¶ 8] Neither Clark nor the State requested an evidentiary hearing on the application for post-conviction relief. New counsel on appeal inherits the strategies of prior counsel. *See, e.g., State v. Wiest,* 2001 ND 150, ¶ 6 n. 2, 632 N.W.2d 812.

Clark was "put to [his] proof" after the state moved for summary disposition. *State v. Bender,* 1998 ND 72, ¶ 22, 576 N.W.2d 210. The district court's decision was rendered six weeks after the State filed its response to the application and requested summary disposition. Clark does not identify what relevant evidence should have been presented or argue he was denied the right to present evidence to the district court. We conclude the district court did not err in failing to hold an evidentiary hearing when Clark did not request one and the State agreed no evidentiary hearing was necessary.

[¶ 9] We also reject Clark's assertion that the district court's denial of his application for post-conviction relief constituted a summary disposition under N.D.C.C. § 29–32.1–09(1). Under N.D.C.C. § 29–32.1–11(2), "[i]f the court rules that the applicant is not entitled to relief, its order must indicate whether the decision is based upon the pleadings, is by summary disposition, or is the result of an evidentiary hearing." Although the State requested summary disposition, the district court's decision does not indicate that it was intended as a summary disposition or that it was based solely on the pleadings. Rather, the court's decision reflects that it was based on the court's consideration of the transcript of the criminal trial and the documentary evidence Clark chose to present with his application for post-conviction relief. The court made findings and conclusions on the various allegations of trial counsel's deficiencies. *See* N.D.C.C. § 29–32.1–11(1) ("The court shall make explicit findings on material questions of fact and state expressly its conclusions of law relating to each issue presented."). In effect, the procedure used in this case was tantamount to an evidentiary

hearing based solely on a review of documents, including the transcript. When the parties have indicated they have no other evidence to produce than what already exists in the court's file, no purpose would be served by scheduling an evidentiary hearing for the court to formally receive uncontested evidence accompanying the application for post-conviction relief. The clearly erroneous rule of N.D.R.Civ.P. 52(a) applies to a district court's findings of fact based solely on documentary evidence in a post-conviction proceeding. *See Ellis v. State*, 2003 ND 72, ¶ 6, 660 N.W.2d 603. We conclude the standard of review for summary dispositions under N.D.C.C. § 29–32.1–09(1) is not applicable in this case. *See Ellis*, at ¶ 6.

### III

[¶ 10]   Clark contends he received ineffective assistance of counsel from his trial attorney.

[¶ 11]   The standard of review for a claim of ineffective assistance of counsel in a post-conviction proceeding is well established. In *Sambursky v. State*, 2008 ND 133, ¶ 7, 751 N.W.2d 247, we said:

Post-conviction relief proceedings are civil in nature and governed by the North Dakota Rules of Civil Procedure. *Flanagan v. State*, 2006 ND 76, ¶ 9, 712 N.W.2d 602. Whether a petitioner received ineffective assistance of counsel is a mixed question of law and fact and is fully reviewable on appeal. *Klose v. State*, 2005 ND 192, ¶ 10, 705 N.W.2d 809. Under N.D.R.Civ.P. 52(a), the district court's findings of fact will not be disturbed on appeal unless clearly erroneous. "A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if it is not supported by any evidence, or if, although there is

some evidence to support the finding, a reviewing court is left with a definite and firm conviction a mistake has been made." *Heckelsmiller v. State*, 2004 ND 191, ¶ 5, 687 N.W.2d 454.

[¶ 12]   A post-conviction relief applicant bears a "heavy burden" to prevail on an ineffective assistance of counsel claim:

"[A] defendant claiming ineffective assistance of counsel has a heavy burden of proving (1) counsel's representation fell below an objective standard of reasonableness, and (2) the defendant was prejudiced by counsel's deficient performance." *DeCoteau [v. State]*, 1998 ND 199, ¶ 6, 586 N.W.2d 156 (citing *Mertz v. State*, 535 N.W.2d 834, 836 (N.D.1995)). "Effectiveness of counsel is measured by an 'objective standard of reasonableness' considering 'prevailing professional norms.'" *Lange v. State*, 522 N.W.2d 179, 181 (N.D.1994) (quoting *Strickland [v. Washington*, 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) ] ). The defendant must first overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Stoppleworth v. State*, 501 N.W.2d 325, 327 (N.D.1993) (quoting *Strickland*, 466 U.S. at 689, 104 S.Ct. 2052). "Trial counsel's conduct is presumed to be reasonable and courts consciously attempt to limit the distorting effect of hindsight. *Lange*, 522 N.W.2d at 181."

*Patten v. State*, 2008 ND 29, ¶ 9, 745 N.W.2d 626 (quoting *Heckelsmiller v. State*, 2004 ND 191, ¶ 3, 687 N.W.2d 454).

[¶ 13]   At his trial, Clark testified that he was driving his motorcycle with his ten-year-old daughter as a passenger down a

county road and that Jeff Gerou was hauling gravel in his semi-truck when Gerou turned onto the road in front of Clark. *Clark*, 2004 ND 85, ¶ 3, 678 N.W.2d 765. According to Clark, he took evasive action through a ditch, parked his motorcycle, and walked to the middle of the road to stop and confront Gerou. *Id.* According to Gerou, after he turned onto the county road, Clark overtook him on the road, motioned for him to stop, pulled the motorcycle in front of him and stopped on the road, requiring Gerou to lock up the tires on his truck to avoid running over him. *Id.* at ¶ 4. Gerou testified Clark came to his truck and began hitting him until he was unconscious. *Id.* Clark testified that he hit Gerou several times in the head. *Id.* at ¶ 3. Clark's defense, which the jury rejected, was that his conduct should be excused because he mistakenly believed he was acting in self-defense. *Id.* at ¶ 12.

[¶ 14] Clark's allegations of ineffective assistance of counsel can be grouped into four categories. He claims his trial counsel failed to adequately prepare for the jury trial, failed to impeach Gerou, failed to introduce evidence and call witnesses to support his defense, and failed to object to hearsay statements made by a witness.

### A

[¶ 15] Clark argues his trial attorney was not adequately prepared "for jury trial, including voir dire, opening statement, witness questioning, closing argument, jury instructions, and generally presenting applicant's version of events and defense." Clark claims his trial attorney did not interview defense witnesses, prepare defense witnesses to testify, or consult with him about preparing his defenses.

[¶ 16] Most of Clark's allegations are conclusory and insufficient "to over-

come the presumption that his attorney's conduct falls within the wide range of reasonable professional assistance." *State v. McLain*, 403 N.W.2d 16, 19 (N.D.1987). Clark complains that his trial attorney failed to strike a juror who stated during voir dire, "I just don't believe you should hit somebody even if you're really mad." However, an attorney's actions during voir dire are considered matters of trial strategy. *Garcia v. State*, 2004 ND 81, ¶ 8, 678 N.W.2d 568. The district court reasoned Clark's trial attorney "could reasonabl[y] have considered more than one factor in determining whether to strike a juror. He might also have considered her qualifications in comparison with other jurors remaining in the jury pool."

[¶ 17] Addressing the alleged inadequate trial preparation of Clark's attorney, the district court also said:

Clark suggests [his attorney] was not adequately prepared to question witnesses. In support of this argument, he argues that [his attorney] didn't subpoena one witness until the second day of trial. He doesn't indicate how subpoening [sic] the witness the second day prejudiced him. He also argues that [his attorney] should have spent time preparing [Clark's daughter] to testify. [Clark's daughter] was only eleven years old, and had [his attorney] spent more time preparing her to testify, it might well have appeared he was coaching her.

[¶ 18] We conclude Clark has failed to establish that his trial attorney's trial preparation fell below the objective standard of reasonableness or that he was prejudiced by the alleged deficient performance.

### B

[¶ 19] Clark argues his trial attorney was ineffective because he failed to

impeach Gerou. Clark claims his attorney should have introduced "contradictory testimony to that presented by" Gerou, should have impeached Gerou "regarding his statement that there was no conversation between Gerou and Clark on the day of the incident," and should have discredited Gerou's testimony because of "numerous inconsistencies."

[¶ 20] Whether Clark struck Gerou was not a contested issue at trial. Clark testified and admitted that he hit Gerou in the head several times during the incident. In addressing Clark's contention, the district court said:

> Clark asserts [his attorney] should have cross-examined the victim more harshly to point out inconsistencies. Such cross-examination might have created more sympathy for the victim and the inconsistencies were not material to the charges against Clark. A reasonable trial attorney might well have proceeded as [his attorney] did.

"This Court does not second guess matters of trial strategy." *Patten*, 2008 ND 29, ¶ 16, 745 N.W.2d 626. We conclude trial counsel's failure to cross-examine Gerou to the extent Clark wanted concerning irrelevant inconsistencies in Gerou's testimony did not fall below an objective standard of reasonableness.

### C

[¶ 21] Clark claims he received ineffective assistance of counsel because his trial attorney failed to introduce certain evidence and call certain witnesses in his defense.

[¶ 22] Clark submitted the affidavit of Kim Ekre, the foreman of the sand and gravel company employing Gerou at the time of the incident. Ekre stated in his affidavit that "Gerou could not have been on his sixth or seventh load" of gravel when the incident occurred as Gerou had testified. He stated Gerou's truck was not located "directly next to" a farm, but was parked "approximately 3/8 mile south" of the farm. Ekre stated that, contrary to Gerou's testimony, he did not blade the roads "every 15–18 truck loads." He further stated Gerou refused medical assistance after the incident.

[¶ 23] Trivial inconsistencies in testimony of the sand and gravel company employees concerning the actual work performed would have had little, if any, impeachment value. The precise location of where Gerou's truck was stopped at the time of the incident was not relevant to any issue before the jury when Clark admitted hitting Gerou. Furthermore, it was uncontested that Gerou initially refused medical care at the scene of the incident. Ekre simply had nothing to offer in support of Clark's defense.

[¶ 24] In response to Clark's claim that his trial attorney should have called additional witnesses, the district court noted that "[n]one of those witnesses had direct knowledge of the incident between Clark and Gerou." Although Clark claims that his trial attorney should have requested that Gerou be tested for drugs, the court said a request for a drug test "surely would have been denied if not related to the time of the incident." Clark claims his trial attorney also should have introduced his motorcycle helmet in evidence to demonstrate that he did not strike Gerou with the helmet, as Gerou claimed, because Gerou's head injuries were not consistent with injuries that would have been inflicted with a helmet. Clark admitted striking Gerou. His trial attorney cannot be faulted for making a strategic decision to keep

an alleged weapon out of evidence and away from the jury's focus.

[¶ 25] We conclude Clark has failed to establish his attorney's performance was deficient in this regard.

### D

[¶ 26] Clark contends he received ineffective assistance of counsel because his trial attorney did not object to hearsay statements made by a witness.

[¶ 27] Gerou testified that after the incident two people he encountered told him to " 'stop' " and that "I shouldn't move any more." Clark argues his trial attorney should have objected to this "inadmissible hearsay" because "the statements added credibility to Gerou's testimony and indicated that Gerou had suffered severe injuries." A trial attorney's failure to object to hearsay testimony can be attributed to trial strategy. *State v. Schweitzer,* 2007 ND 122, ¶¶ 27–28, 735 N.W.2d 873. The district court found the failure to object in this case was a "tactical decision[ ]" that was "reasonable" under the circumstances. Considering the other evidence in this case, trial counsel might reasonably have decided to forego an objection because any damaging effect from the testimony was minimal. We conclude trial counsel's failure to object was not deficient performance.

### IV

[¶ 28] We conclude the district court's findings of fact are not clearly erroneous, and Clark has failed to establish that his trial attorney's representation fell below an objective standard of reasonableness or that Clark was prejudiced by counsel's alleged deficient performance. The order denying Clark's application for post-conviction relief is affirmed.

[¶ 29] ZANE ANDERSON, D.J., CAROL RONNING KAPSNER, MARY MUEHLEN MARING, and DANIEL J. CROTHERS, JJ., concur.

[¶ 30] The Honorable ZANE ANDERSON, D.J., sitting in place of SANDSTROM, J., disqualified.