2011 ND 201

**Alman Andrew WONG, Petitioner and Appellant**

v.

**STATE of North Dakota, Respondent and Appellee.**

**No. 20110088.**

Supreme Court of North Dakota.

Oct. 18, 2011.

Rehearing Denied Nov. 15, 2011.

Benjamin C. Pulkrabek, Mandan, ND, for petitioner and appellant.

Brian D. Grosinger, Assistant State's Attorney, Mandan, ND, for respondent and appellee.

VANDE WALLE, Chief Justice.

[¶ 1] Alman Andrew Wong appealed from a district court order denying his application for post-conviction relief. We affirm, concluding that Wong failed to establish a basis for post-conviction relief.

I.

[¶ 2] In August 2009, Wong pled guilty to gross sexual imposition and aggravated assault. After he entered his plea, but before sentencing, Wong's attorney moved to have Wong evaluated to determine his fitness to proceed and his criminal responsibility. The motions were granted. In October 2009, a new attorney was assigned to Wong's case. On November 19, 2009, a doctor at the North Dakota State Hospital attempted to evaluate Wong, but he refused to undergo the assessment. On December 15, 2009, Wong was sentenced to life imprisonment without the benefit or possibility of parole on the gross sexual imposition charge and to five years imprisonment on the aggravated assault charge. Wong did not appeal his conviction or sentence.

[¶ 3] On April 12, 2010, Wong filed a petition for post-conviction relief, claiming his conviction was obtained by an unlawfully induced guilty plea because he was incompetent, failure by the prosecution to disclose evidence, and ineffective assistance of counsel. The district court summarily dismissed his petition on May 24, 2010. Wong appealed, and this Court reversed and remanded for further proceedings. *Wong v. State*, 2010 ND 219, 790 N.W.2d 757. On March 16, 2011, the district court held a hearing on Wong's petition. Following the hearing, the district court denied Wong's petition, finding there was no evidence to support his claims.

II.

[¶ 4] "Post-conviction relief proceedings are civil in nature and governed by the North Dakota Rules of Civil Procedure." *Delvo v. State*, 2010 ND 78, ¶ 10, 782 N.W.2d 72 (quoting *Clark v. State*, 2008 ND 234, ¶ 11, 758 N.W.2d 900). A district court's findings of fact in a post-conviction relief proceeding will not be disturbed unless they are clearly erroneous under N.D.R.Civ.P. 52(a). *Tweed v. State*, 2010 ND 38, ¶ 15, 779 N.W.2d 667. "A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if it is not supported by any evidence, or if, although there is some evidence to support the finding, a reviewing court is left with a

definite and firm conviction a mistake has been made." *Clark,* 2008 ND 234, ¶ 11, 758 N.W.2d 900 (quoting *Heckelsmiller v. State,* 2004 ND 191, ¶ 5, 687 N.W.2d 454). "Questions of law are fully reviewable on appeal of a post-conviction proceeding." *Syvertson v. State,* 2005 ND 128, ¶ 4, 699 N.W.2d 855 (quoting *Greywind v. State,* 2004 ND 213, ¶ 5, 689 N.W.2d 390).

## III.

[¶ 5] On appeal, Wong argues his guilty plea cannot stand because he lacked capacity to plead at the time he entered the plea. Wong also contends the district court erred in sentencing him because he was incapacitated from a mental disease. He also argues he received ineffective assistance of counsel because his attorney did not demand the court-ordered evaluation be completed, failed to stop the sentencing hearing, and did not move to vacate his sentence.

[¶ 6] Wong argues his guilty plea was obtained in violation of N.D.C.C. § 12.1–04–04 because he lacked capacity as the result of a mental disease at the time he entered his plea. Section 12.1–04–04, N.D.C.C., provides, "No person who, as a result of mental disease or defect, lacks capacity to understand the proceedings against the person or to assist in the person's own defense shall be tried, convicted, or sentenced for the commission of an offense so long as such incapacity endures."

[¶ 7] The attorney who represented Wong when he pled guilty testified at the post-conviction relief hearing. The attorney testified that he believed Wong was competent at the time of his plea. We do not have a transcript of the hearing at which Wong's guilty plea was accepted; therefore, we do not know how or if the court or Wong's attorney handled Wong's understanding of the proceedings or his ability to assist in his own defense.

[¶ 8] Wong also presented testimony and evidence related to a 2008 criminal case in Montana. The attorney who represented Wong in Montana testified that he had trouble communicating with Wong. The attorney also testified that Wong was sent to a prison in Washington for a mental health evaluation. The attorney further stated the charges against Wong in Montana were eventually dropped.

[¶ 9] Wong also introduced a report dated July 17, 2008, at the post-conviction relief hearing. In the report, the psychologists indicated they had limited information on Wong, which precluded asserting opinions with any reasonable certainty. The psychologists opined that Wong's ability to understand the proceedings against him and his ability to assist in his own defense were impaired by symptoms of schizophrenia.

[¶ 10] The district court found the evidence related to the Montana case did not support Wong's request for post-conviction relief. The district court noted that the July 17, 2008 report introduced by Wong specifically stated it was not possible to gather direct, specific information related to his competency. The district court further noted Wong was never adjudicated incompetent in the Montana case. The petitioner bears the burden of establishing a basis for post-conviction relief. *State v. Steen,* 2004 ND 228, ¶ 9, 690 N.W.2d 239. The district court did not err in finding that Wong failed to prove he was incompetent at the time he entered his guilty plea.

[¶ 11] Wong also argues N.D.C.C. § 12.1–04–04 should have prevented the district court from sentencing him because he was incapacitated as the result of a mental disease.

[¶ 12] In Wong's post-conviction relief petition, he claimed his guilty plea was unlawfully induced because he was incompetent. At the post-conviction relief hearing, Wong's attorney argued he was incompetent at the time he entered his guilty plea. On appeal, however, Wong adds the argument that the district court violated N.D.C.C. § 12.1–04–04 because it sentenced him when he was incapacitated as the result of a mental disease. "Arguments raised for the first time on appeal generally will not be considered by this Court." *Berlin v. State*, 2000 ND 13, ¶ 20, 604 N.W.2d 437.

[¶ 13] Moreover, the only evidence Wong offered to support his argument that the district court erred in sentencing him was an email sent on November 19, 2009, by the doctor who attempted to evaluate Wong. The doctor did not file a formal report, nor was the doctor called as a witness at the post-conviction relief hearing. We do not know how or if this email was addressed by the district court or the attorneys at the sentencing hearing because a transcript of the hearing was not ordered. As the petitioner, Wong has the burden of establishing a basis for relief. *Steen*, 2004 ND 228, ¶ 9, 690 N.W.2d 239. The district court did not err in determining that Wong failed to carry this burden.

## IV.

[¶ 14] Wong contends he received ineffective assistance of counsel from the attorney who was assigned to his case in October 2009, and who represented Wong at the time he was sentenced.

[¶ 15] "Whether a petitioner received ineffective assistance of counsel is a mixed question of law and fact and is fully reviewable on appeal." *Clark*, 2008 ND 234, ¶ 11, 758 N.W.2d 900. The district court's findings of fact are reviewed under the clearly erroneous standard of

N.D.R.Civ.P. 52(a). *Clark*, 2008 ND 234, ¶ 11, 758 N.W.2d 900. This Court has described the "heavy burden" a petitioner bears to succeed on an ineffective assistance of counsel claim:

[A] defendant claiming ineffective assistance of counsel has a heavy burden of proving (1) counsel's representation fell below an objective standard of reasonableness, and (2) the defendant was prejudiced by counsel's deficient performance. "Effectiveness of counsel is measured by an 'objective standard of reasonableness' considering 'prevailing professional norms.'" The defendant must first overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." "Trial counsel's conduct is presumed to be reasonable and courts consciously attempt to limit the distorting effect of hindsight."

*Clark*, 2008 ND 234, ¶ 12, 758 N.W.2d 900 (quoting *Patten v. State*, 2008 ND 29, ¶ 9, 745 N.W.2d 626) (internal citations omitted).

[¶ 16] Wong argues his attorney's representation fell below an objective standard of reasonableness because he knew of Wong's mental disease but did not: (1) require the court-ordered evaluation to be completed before sentencing; (2) stop the sentencing proceeding; and (3) move to vacate Wong's sentence.

[¶ 17] To support his claim, Wong cited to an email sent on November 19, 2009, by the doctor who attempted to evaluate him. In the email, the doctor stated the evaluation could not be completed, but he did note some concern about Wong's mental condition and competency. The doctor also indicated he would file a formal report, but no report was ever received. The district court noted an argument could be made that Wong's attorney at sentenc-

ing should have followed up on this email, but also noted a transcript of the sentencing hearing was not ordered. Therefore, the court did not know how or if Wong's attorney dealt with the email. The district court found there was no evidence to support Wong's ineffective assistance of counsel claim.

[¶ 18] An attorney's conduct is presumed to be reasonable. *Lange v. State*, 522 N.W.2d 179, 181 (N.D.1994). The petitioner bears the heavy burden of overcoming this presumption. *Clark*, 2008 ND 234, ¶ 12, 758 N.W.2d 900. In this case, like the district court, we do not know how or if Wong's attorney dealt with the doctor's email at the sentencing hearing because a transcript of the hearing was not ordered. Furthermore, the attorney who represented Wong at the time of sentencing did not testify at the post-conviction relief hearing and therefore we do not know the reasoning behind the attorney's decision to take or not take certain actions. We conclude the district court did not err in finding that Wong failed to carry the heavy burden to establish that his attorney's representation fell below an objective standard of reasonableness.

[¶ 19] Because Wong failed to meet the first burden of proving that his attorney's representation fell below an objective standard of reasonableness, it is unnecessary to consider the argument that he was prejudiced by his attorney's deficient representation. *Odom v. State*, 2010 ND 65, ¶ 13, 780 N.W.2d 666.

## V.

[¶ 20] We affirm the district court order denying Wong's application for post-conviction relief.

[¶ 21] DALE V. SANDSTROM, DANIEL J. CROTHERS, MARY MUEHLEN MARING, and CAROL RONNING KAPSNER, JJ., concur.