# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2023 ND 105

Orlando Joseph Brown,                                    Petitioner and Appellant

v.

State of North Dakota,                                    Respondent and Appellee

## No. 20220341

Appeal from the District Court of Grand Forks County, Northeast Central Judicial District, the Honorable M. Jason McCarthy, Judge.

AFFIRMED.

Per Curiam.

Scott O. Diamond, Fargo, ND, for petitioner and appellant; submitted on brief.

Andrew C. Eyre, Assistant State's Attorney, and Muriel E. Rott, third-year law student, under the Rule on Limited Practice of Law by Law Students, Grand Forks, ND, for respondent and appellee; submitted on brief.

**Per Curiam.**

[¶1]   Orlando Joseph Brown appeals from a district court order denying his application for post-conviction relief.

[¶2]   A jury convicted Brown of aggravated assault and two counts of gross sexual imposition. On direct appeal, Brown argued the district court abused its discretion by allowing the State to introduce N.D.R.Ev. 404(b) evidence, and this Court summarily affirmed under N.D.R.App.P. 35.1(a)(4). *State v. Brown*, 2020 ND 29, 938 N.W.2d 404.

[¶3]   On appeal, Brown argues the district court improperly denied his application for post-conviction relief because his trial counsel was ineffective for failing to move to strike two jurors for cause and thereafter failing to use a peremptory challenge to strike the same jurors.

[¶4]   "[A]n attorney's actions during voir dire are considered matters of trial strategy." *Clark v. State*, 2008 ND 234, ¶ 16, 758 N.W.2d 900 (upholding district court's finding defendant did not receive ineffective assistance of counsel because counsel "failed to strike a juror"); *see also Garcia v. State*, 2004 ND 81, ¶ 8, 678 N.W.2d 568 ("An unsuccessful trial strategy does not make defense counsel's assistance defective, and we will not second-guess counsel's defense strategy through the distorting effects of hindsight." (quoting *Breding v. State*, 1998 ND 170, ¶ 9, 584 N.W.2d 493)).

[¶5]   We summarily affirm under N.D.R.App.P. 35.1(a)(2).

[¶6]   Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr