2010 ND 65

**Charles ODOM, Petitioner**
**and Appellant**

v.

**STATE of North Dakota, Respondent**
**and Appellee.**

Nos. 20090248, 20090249.

Supreme Court of North Dakota.

April 6, 2010.

Rehearing Denied May 11, 2010.

Mark T. Blumer, Valley City, N.D., for petitioner and appellant.

Julie A. Lawyer, Special Assistant State's Attorney, Bismarck, N.D., for respondent and appellee.

SANDSTROM, Justice.

[¶ 1] Charles Odom appeals a district court order denying his application for post-conviction relief. Odom argues he was denied effective assistance of counsel. We affirm the district court's order.

I

[¶ 2] In January 2004, police officers responded to a 911 call from Riddle Johnson, a man who stated he had locked himself in a bathroom in a Bismarck motel room because he was afraid of being assaulted. When the officers arrived, Johnson told them he had locked himself in the bathroom because Odom had threatened to assault him if he did not pay Odom money owed for drugs. Police officers entered the motel room, which was registered in Galen Smith's name, and found drug paraphernalia in plain view. Smith, Odom, and Johnson were in the room. Upon further investigation, police found a small amount of marijuana in a pickup in the parking lot. The pickup did not belong to Odom. In December 2004, the State's Attorney's office prepared a complaint charging Odom with felony possession of drug paraphernalia for use with methamphetamine and misdemeanor possession of marijuana. The State's Attorney's office also prepared an arrest warrant.

[¶ 3] In April 2005, a probable cause hearing on the issuance of the criminal complaint and arrest warrant was held, during which Officer Kenan Kaizer testified. Some of his testimony was incorrect. He testified, "Riddle explained to officers that he had gone to the motel room which was registered in the name of Charles Odom." The motel room was not registered in Odom's name. Officer Kaizer also inaccurately testified marijuana was found in the room. The marijuana was found in the pickup truck, which did not belong to Odom, not in the room. Officer Kaizer accurately testified that Johnson had told officers Odom had threatened to assault him if he did not pay the drug debt before leaving the motel room. Officer Kaizer also accurately testified officers received consent to search the room, and drug paraphernalia with residue was found in the room. Officer Kaizer testified the officers initially believed the residue was methamphetamine, but the residue tested positive for cocaine. The district court found probable cause to charge Odom with possession of drug paraphernalia for use with methamphetamine or cocaine and to charge him with possession of marijuana. The district court issued the complaint and arrest warrant.

[¶ 4] In December 2005, a Bismarck motel manager informed police officers that Odom was staying at the motel. The officers went to the motel, executed the arrest warrant, and, with Odom's consent, searched his motel room, where they found a large amount of crack cocaine in a locked safe. Odom was charged with felony possession of cocaine with intent to deliver and felony possession of drug paraphernalia.

[¶ 5] After a January 2006 preliminary hearing for both the original charges and the second set of charges, he was bound over for trial. Odom moved to suppress the evidence found in the safe. The district court suppressed the evidence, but this Court reversed the suppression order and remanded for further proceedings. *State v. Odom*, 2006 ND 209, 722 N.W.2d 370. In September 2006, Odom pled guilty to the original charges and was sentenced to time served. In June 2007, Odom entered a conditional plea of guilty to the second set of charges after the district court denied his motion to suppress the evidence. He was sentenced to twenty years' incarceration. This Court summari-

ly affirmed the criminal judgment. *State v. Odom*, 2008 ND 2, 747 N.W.2d 136.

[¶ 6] In March 2008, Odom petitioned for post-conviction relief, arguing he was denied effective assistance of counsel. Odom claimed his attorneys should have requested or reviewed a transcript of the April 2005 probable cause hearing during which Officer Kaizer provided the judge with incorrect information supporting the complaint. A hearing was held in May 2009. The district court found Odom's counsel's representation did not fall below an objective standard of reasonableness. The district court also found that although some incorrect testimony was presented at the probable cause hearing, other correct testimony was given that would support probable cause. The district court denied Odom's petition.

[¶ 7] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 29–32.1–03. The appeal is timely under N.D.R.App.P. 4(d). This Court has jurisdiction under N.D. Const. art. VI, §§ 2 and 6, and N.D.C.C. § 29–32.1–14.

## II

[¶ 8] Odom argues the district court erred in finding he failed to establish that his counsel were ineffective for not requesting a transcript of the probable cause hearing for the criminal complaint and arrest warrant. He contends the failure to obtain a copy of the transcript prevented him from attacking the complaint and warrant that resulted in his convictions.

## A

[¶ 9] Post-conviction relief proceedings are civil in nature and are governed by the North Dakota Rules of Civil Procedure. *Sambursky v. State*, 2008 ND 133, ¶ 7, 751 N.W.2d 247. In *Roth v. State*, 2007 ND 112, 735 N.W.2d 882, this Court summarized the petitioner's burden in a post-conviction claim of ineffective assistance of counsel:

The Sixth Amendment of the United States Constitution guarantees a criminal defendant the right to effective assistance of counsel. In order to prevail on a post-conviction claim of ineffective assistance, the petitioner bears a heavy burden. The petitioner must prove that (1) counsel's representation fell below an objective standard of reasonableness, and (2) the petitioner was prejudiced by counsel's deficient performance.

As to the first prong, the petitioner must overcome the strong presumption that counsel's representation fell within the wide range of reasonable professional assistance. An attorney's performance is measured considering the prevailing professional norms. In assessing the reasonableness of counsel's performance, courts must consciously attempt to limit the distorting effect of hindsight. Courts must consider all the circumstances and decide whether there were errors so serious that defendant was not accorded the "counsel" guaranteed by the Sixth Amendment.

In order to meet the second prong, the petitioner must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. The petitioner must prove not only that counsel's representation was ineffective, but must specify how and where counsel was incompetent and the probable different result. If it is easier to dispose of an ineffective assistance of counsel claim on the ground of lack of sufficient prejudice, that course should be followed.

*Roth v. State*, 2007 ND 112, ¶¶ 7–9, 735 N.W.2d 882 (citations omitted).

[¶ 10] "The issue of ineffective assistance of counsel is a mixed question of law and fact which is fully reviewable on appeal." *Id.* at ¶ 11. The district court's findings of fact in a post-conviction proceeding will not be disturbed on appeal unless clearly erroneous under N.D.R.Civ.P. 52(a). *Moore v. State,* 2007 ND 96, ¶ 8, 734 N.W.2d 336. A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if it is not supported by any evidence, or if, although there is some evidence to support the finding, this Court is left with a definite and firm conviction a mistake has been made. *Sambursky,* 2008 ND 133, ¶ 7, 751 N.W.2d 247.

**B**

[¶ 11] Odom was first required to prove his counsel's representation fell below an objective standard of reasonableness, which required overcoming "the strong presumption that counsel's representation fell within the wide range of reasonable professional assistance." *Roth,* 2007 ND 112, ¶ 8, 735 N.W.2d 882. At the post-conviction relief hearing, four area criminal defense attorneys testified. Only one of the attorneys testified he more than rarely orders a transcript of the probable cause hearing on the issuance of a complaint and arrest warrant (and then only thirty percent of the time).

[¶ 12] In its order, the district court examined the testimony of the four criminal defense attorneys and found that the decisions made by Odom's two attorneys not to order a transcript of the April 2005 probable cause hearing did not fall below an objective standard of reasonableness. "The task of weighing the evidence and judging the credibility of witnesses belongs exclusively to the trier of fact, and we do not reweigh credibility or resolve conflicts in the evidence." *Sambursky,* 2008 ND 133, ¶ 12, 751 N.W.2d 247 (quoting *Greywind v. State,* 2004 ND 213, ¶ 22, 689 N.W.2d 390). The district court's determination that Odom's legal counsel's conduct did not fall below an objective standard of reasonableness is based on findings of fact and credibility that are not clearly erroneous. We conclude Odom failed to overcome the strong presumption that his counsel's representation fell within the wide range of reasonable professional assistance.

**C**

[¶ 13] Because Odom failed to meet the first burden of proving that his counsel's representation fell outside of the wide range of reasonable professional assistance, it is unnecessary to address his argument that he was prejudiced by his counsel's claimed deficient performance. *See, e.g., Roth v. State,* 2007 ND 112, ¶ 7, 735 N.W.2d 882 (petitioner must prove both that counsel's representation fell below an objective standard of reasonableness and that petitioner was prejudiced by counsel's deficient performance).

**III**

[¶ 14] Because Odom has not proved that his counsel's representation fell below an objective standard of reasonableness, he has not met the heavy burden necessary to prevail on an ineffective assistance of counsel claim.

[¶ 15] The district court's order denying post-conviction relief is affirmed.

[¶ 16] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, MARY MUEHLEN MARING, and CAROL RONNING KAPSNER, JJ., concur.