Crothers, Justice.
[¶ 1] Dale Gene Yost appeals from an order denying his motion to withdraw guilty pleas and amended criminal judgments. Yost argues the district court abused its discretion in denying withdrawal of his guilty pleas, did not advise him of his rights before his pleas, and erred in amending the amended judgments because the district court lacked jurisdiction. Yost also argues he received ineffective assistance of counsel. We affirm the district court's denial of Yost's motion, vacate the district court's second amended judgment, and remand for correction of the first amended judgment.
I
[¶ 2] In October 2012 the State charged Yost with eleven counts of gross sexual imposition involving five minors. State v. Yost , 2014 ND 209, ¶ 2, 855 N.W.2d 829 ( Yost I ). At the November 7, 2012 initial appearance, the district court advised Yost of the potential criminal penalties and his rights as listed in N.D.R.Crim.P. 11(b). In August 2013 Yost entered Alford pleas to five counts and the State dismissed six counts as part of a plea agreement. Yost I , at ¶ 3. Attorney William Hartl represented Yost in these proceedings and the district court ordered presentence investigations after the change of plea hearing. Id.
[¶ 3] Yost requested the Commission on Legal Counsel for Indigents appoint him new counsel and filed with the district court multiple requests for a new attorney or claims of ineffective assistance of counsel. Yost I , at ¶¶ 3-5. In January 2014 Yost appeared without counsel at a sentencing hearing because the court permitted Hartl to withdraw before the hearing. Yost I , at ¶ 7. Yost appealed in February 2014. This Court reversed and remanded for resentencing on a narrow ruling that the record from the sentencing hearing did "not establish Yost knowingly and intelligently waived his right to counsel, nor did his conduct rise to the functional equivalent of a voluntary waiver...." Yost I , at ¶ 23.
[¶ 4] Following the 2014 appeal, Yost's second appointed counsel withdrew. On October 20, 2016 Yost's third appointed counsel filed a motion to withdraw guilty pleas. The district court held a motion hearing on April 21, 2017, and on September 8, 2017, filed an order denying the motion. The district court amended the criminal judgment on October 6, 2017, after a sentencing hearing. Yost filed his first notice of appeal on October 9, 2017. On February 1, 2018 the district court amended the amended criminal judgment. Yost filed a second notice of appeal on February 21, 2018.
II
[¶ 5] Yost argues the district court used the wrong standard in denying withdrawal of his guilty plea. Rule 11(d), N.D.R.Crim.P., governs withdrawal of guilty pleas and provides:
*513 "(1) In General. A defendant may withdraw a plea of guilty:
(A) before the court accepts the plea, for any reason or no reason; or
(B) after the court accepts the plea, but before it imposes sentence if:
(i) the court rejects a plea agreement under Rule 11(c)(5) ; or
(ii) the defendant can show a fair and just reason for the withdrawal.
(2) Finality of a Guilty Plea. Unless the defendant proves that withdrawal is necessary to correct a manifest injustice, the defendant may not withdraw a plea of guilty after the court has imposed sentence.
(3) Prosecution Reliance on Plea. If the prosecution has been substantially prejudiced by reliance on the defendant's plea, the court may deny a plea withdrawal request."
[¶ 6] We have interpreted Rule 11(d) to recognize three standards for withdrawing a guilty plea:
"The standard for a plea withdrawal differs depending upon when the motion to withdraw the guilty plea is made. A defendant has a right to withdraw a guilty plea before it is accepted by the court. After a guilty plea is accepted, but before sentencing, the defendant may withdraw a guilty plea if necessary to correct a manifest injustice, or, if allowed in the court's discretion, for any 'fair and just' reason unless the prosecution has been prejudiced by reliance on the plea. When a court has accepted a plea and imposed sentence, the defendant cannot withdraw the plea unless withdrawal is necessary to correct a manifest injustice. The decision whether a manifest injustice exists for withdrawal of a guilty plea lies within the trial court's discretion and will not be reversed on appeal except for an abuse of discretion. An abuse of discretion under N.D.R.Crim.P. [11](d) occurs when the court's legal discretion is not exercised in the interest of justice. The trial court must exercise its sound discretion in determining whether a 'manifest injustice' or a 'fair and just reason' to withdraw a guilty plea exists."
State v. Bates , 2007 ND 15, ¶ 6, 726 N.W.2d 595 (citations and quotation marks omitted). "A court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, or it misinterprets or misapplies the law." State v. Pixler , 2010 ND 105, ¶ 7, 783 N.W.2d 9.
"While there is a preference to liberally allow a defendant to withdraw a guilty plea, withdrawal is not a matter of right.... Furthermore, a defendant has the burden of proving that a fair and just reason supports withdrawal of a guilty plea. Once a defendant establishes a fair and just reason, the burden then shifts to the State to establish that it would be prejudiced by granting leave to withdraw. To establish prejudice, the State must show prejudice beyond that found in the ordinary case. Substantial prejudice is established if the prosecution shows, for example, that vital physical evidence has been discarded, that a chief government witness has died, or that fifty-two witnesses who have come from all over the United States and from overseas naval bases have been dismissed. Courts do not inquire into the matter of prejudice unless the defendant first shows a good reason for being allowed to withdraw his plea."
State v. Lium , 2008 ND 232, ¶ 13, 758 N.W.2d 711 (citations and quotation marks omitted).
A
[¶ 7] Yost argues the district court should have allowed withdrawal as a matter *514 of right because the remand from Yost I vacated the judgment, eliminated the original acceptance of guilty pleas, and placed Yost in the first stage of guilty plea withdrawal. This argument ignores the effect of our holding in Yost I , at ¶ 24, which reversed and remanded for "resentencing with appointed counsel" only. The district court accepted the guilty plea in 2013 at the initial change of plea hearing, evidenced by its statements in court, the presentence investigation, and the sentence at issue in Yost I, all of which depended on an accepted guilty plea. See State v. Welch , 356 N.W.2d 147, 148-49 (N.D. 1984) (reversing denial of a motion to withdraw guilty plea where district court did not accept plea and defendant withdrew before acceptance and sentence). In rejecting Yost's motion to withdraw, the district court found prior acceptance of the guilty plea. We agree with the district court and reject Yost's argument that he could withdraw his guilty pleas as a matter of right.
[¶ 8] Having determined the district court accepted Yost's guilty plea, the decision before us is whether the district court should have applied the fair and just reasons or manifest injustice standard. See Bates , 2007 ND 15, ¶ 6, 726 N.W.2d 595. The district court denied Yost's motion under the manifest injustice standard but made sufficient findings to deny the motion under the fair and just reasons standard. For the reasons explained below, we affirm the district court's order because the district court provided adequate findings under either standard. See State v. DeCoteau , 325 N.W.2d 187, 191 (N.D. 1982) (affirming denial of motion to withdraw guilty plea under both manifest injustice and fair and just reasons standards).
B
[¶ 9] Yost argues the district court should have applied the "fair and just reason" standard. This standard applies when the district court accepts a plea but has not issued a sentence. See N.D.R.Crim.P. 11(d) ; Bates , 2007 ND 15, ¶ 6, 726 N.W.2d 595.
[¶ 10] In State v. Millner , 409 N.W.2d 642, 644 (N.D. 1987), we concluded the trial court impliedly found the defendant advanced a "fair and just reason" for withdrawal where the trial court found the state would be substantially prejudiced if the defendant withdrew his guilty plea. " '[S]ubstantial prejudice' ... requires a showing by the State that there are specific factors present which demonstrate that withdrawal of the plea will be more prejudicial to it than in the ordinary case. Failure to require such a specific showing would create an exception which would swallow the rule." Id. We reversed because the trial court relied on generalities rather than making specific findings. Id.
[¶ 11] While we have not explicitly adopted factors to show fair and just reasons, federal courts use a list of nonexclusive factors to evaluate defendants' claims for withdrawal of guilty pleas. The federal factors include amount of time elapsed between the plea and the motion for withdrawal, presence or absence of a reason for failure to move earlier, defendant's experience, assistance of counsel, and prejudice to the State. See U.S. v. Ellis , 470 F.3d 275, 281-286 (6th Cir. 2006) (analyzing seven factors to determine whether defendant showed fair and just reasons for withdrawal of plea); U.S. v. Mugan , 441 F.3d 622, 630-31 (8th Cir. 2006), cert. denied , 549 U.S. 890, 127 S.Ct. 191, 166 L.Ed.2d 157 (2006) (finding no abuse of discretion in denying motion to withdraw plea where defendant did not develop factual record, understood plea agreement, and waited five months to move for withdrawal); 1A Wright and Leopold, Federal *515 Practice & Procedure § 181 n.12 (4th ed. 2008). We find use of these factors helpful.
[¶ 12] Here, Yost argues his statements at the January 2014 sentencing hearing (which resulted in the Yost I remand) indicated an intent to withdraw his guilty pleas and show his lack of representation constituted a "fair and just reason" for withdrawal. The district court applied the manifest injustice standard from N.D.R.Crim.P. 11(d)(2), but provided an alternative substantial prejudice analysis for 11(d)(3) without specifically determining whether Yost provided a fair and just reason. Following our precedent in Millner , we determine the district court impliedly found fair and just reasons for Yost to withdraw his guilty plea. 409 N.W.2d at 644.
[¶ 13] The district court found withdrawal would substantially prejudice the State based on the number of years elapsed between plea entry and motion to withdraw, difficulty locating witnesses based on testimony from the State's victim witness advocate, and Yost's knowing and voluntary entry of the initial pleas. The district court balanced Yost's lack of counsel at sentencing against the prejudicial factors. We conclude the district court's findings suffice to show substantial prejudice for denial of Yost's motion to withdraw guilty pleas under the fair and just reasons standard.
C
[¶ 14] The State argues the district court properly applied the manifest injustice standard. The district court cited State v. Wardner , 2006 ND 256, ¶ 13, 725 N.W.2d 215, to apply the manifest injustice standard because "[b]y definition, sentencing is prior to resentencing." Wardner involved statutory interpretation of N.D.C.C. § 12.1-32-02(11) on whether a presentence investigation must occur before the district court may revoke a defendant's probation. Id. at ¶¶ 8-15. While this Court wrote "The term 'resentencing' also applies to a district court's sentencing on remand from appellate review," id. at ¶ 11 (citing 5 LaFave, Criminal Procedure , § 26.7(b) (2d ed. 1999) and State v. Trieb , 533 N.W.2d 678, 681 (N.D. 1995) ), this statement was unrelated to the holding in Wardner and is dicta.
[¶ 15] Here, in its order the district court made an inferential leap based on dicta but did not err because the district court retains discretion to apply the manifest injustice standard in the second stage of guilty plea withdrawal. See Bates , 2007 ND 15, ¶ 6, 726 N.W.2d 595. "An abuse of discretion under N.D.R.Crim.P. [11](d) occurs when the court's legal discretion is not exercised in the interests of justice." Abdi v. State , 2000 ND 64, ¶ 10, 608 N.W.2d 292. "A manifest injustice may result from procedural errors by the sentencing court." State v. Dimmitt , 2003 ND 111, ¶ 7, 665 N.W.2d 692. In Dimmitt , at ¶ 10, this Court held a judge's involvement in plea discussions despite N.D.R.Crim.P. 11(d)(1)'s prohibition resulted in manifest injustice. However, "Without evidence that suggests [the defendant] did not understand the nature of any agreement or sentencing recommendation vis-à-vis this charge, we will not order the guilty plea withdrawn to correct a manifest injustice." Abdi , 2000 ND 64, ¶ 23, 608 N.W.2d 292.
[¶ 16] Here, the closest Yost came to expressing a lack of understanding appears in the transcript of the change of plea hearing, where he was represented by counsel:
"THE COURT: Well, I mean, you say there's some defense, but, Mr. Yost, you understand you have plead guilty to these charges?
*516 THE DEFENDANT: Well, I'm getting kind of confused with you saying that, about the Alford plea.
THE COURT: Right. But guilty means that you're pleading Alford reasons for it, yes. But you understand that you are pleading guilty to the charges? Do you understand that?
MR. HARTL: You're pleading guilty and you will be sentenced, is what the Court is saying.
THE COURT: Yeah.
THE DEFENDANT: Okay. Yes.
THE COURT: You understand that?
THE DEFENDANT: Yes."
The district court, reviewing the record, found Yost "knowingly and voluntarily entered Alford guilty pleas to five charges, [ ] notwithstanding the issue regarding the Defendant's lack of counsel at the sentencing," and concluded Yost "has not established that the withdrawal of his guilty pleas [is] necessary to correct a manifest injustice." Absent a showing of procedural errors such as a lack of substantial compliance with N.D.R.Crim.P. 11(b) or a showing the district court did not exercise its discretion in the interests of justice, the district court did not abuse its discretion by denying Yost's motion to withdraw his guilty plea under the manifest injustice standard.
III
[¶ 17] Yost argues he is entitled to withdraw his guilty plea because the district court did not comply with N.D.R.Crim.P. 11(b), which requires the district court to advise a defendant of certain rights. The rule's provisions are mandatory and substantial compliance is required to ensure a defendant knowingly and voluntarily enters a guilty plea. State v. Murphy , 2014 ND 202, ¶ 7, 855 N.W.2d 647. "The purpose of the procedure outlined in Rule 11(b) is to ensure that the defendant is fully aware of the consequences of a guilty plea before he enters his plea." Froistad v. State , 2002 ND 52, ¶ 25, 641 N.W.2d 86 (quoting State v. Boushee , 459 N.W.2d 552, 555 (N.D. 1990) ). Rule 11(b), N.D.R.Crim.P., provides:
"(1) The court may not accept a plea of guilty without first, by addressing the defendant personally [except as provided in Rule 43(b) ] in open court, informing the defendant of and determining that the defendant understands the following:
(A) the right to plead not guilty, or having already so pleaded, to persist in that plea;
(B) the right to a jury trial;
(C) the right to be represented by counsel at trial and at every other stage of the proceeding and, if necessary, the right to have the counsel provided under Rule 44;
(D) the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses;
(E) the defendant's waiver of these trial rights if the court accepts a plea of guilty;
(F) the nature of each charge to which the defendant is pleading;
(G) any maximum possible penalty, including imprisonment, fine, and mandatory fee;
(H) any mandatory minimum penalty;
(I) the court's authority to order restitution; and
(J) that, if convicted, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission *517 to the United States in the future.
(2) Ensuring That a Plea is Voluntary. Before accepting a plea of guilty, the court must address the defendant personally in open court, unless the defendant's presence is not required under Rule 43(c), and determine that the plea is voluntary and did not result from force, threats, or promises other than promises in a plea agreement. The court must also inquire whether the defendant's willingness to plead guilty results from discussion between the prosecuting attorney and the defendant or the defendant's attorney.
(3) Determining the Factual Basis for a Plea. Before entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea.
(4) Acknowledgment by Defendant. Before entering judgment on a guilty plea, the court must determine that the defendant either:
(A) acknowledges facts exist that support the guilty plea; or
(B) while maintaining innocence, acknowledges that the guilty plea is knowingly, voluntarily and intelligently made by the defendant and that evidence exists from which the trier of fact could reasonably conclude that the defendant committed the crime."
[¶ 18] Alford pleas necessarily indicate an acceptance of the factual basis:
"An individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime....
"When his plea is viewed in light of the evidence against him, which substantially negated his claim of innocence and which further provided a means by which the judge could test whether the plea was being intelligently entered, its validity cannot be seriously questioned."
North Carolina v. Alford , 400 U.S. 25, 37-38, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970) ; see also Kooser v. State , 2012 ND 101, ¶ 7, 816 N.W.2d 802 ("We have held Alford pleas may be accepted in North Dakota."); State v. Hagemann , 326 N.W.2d 861, 870 (N.D. 1982) ("[W]e have never required that the defendant personally provide the factual basis for his plea of guilty when he claims no recollection of the crime charged."); DeCoteau , 325 N.W.2d 187, 190-91 (N.D. 1982) (affirming denial of withdrawal of Alford plea).
[¶ 19] The district court in this case found substantial compliance with the N.D.R.Crim.P. 11(b) advisements at the change of plea hearing in August 2013. In its order the district court specifically found:
"[T]he Court did enter into an exchange with the Defendant which indicated that the Defendant had not been threatened or coerced into entering the pleas. The Court determined that the Defendant had not been promised anything, that he understood the nature of the charges and the burden of proof on the State, that he understood he had the right to plead not guilty, and that he understood that by pleading guilty he gave up a number of rights. The Defendant was advised of his right to be represented by counsel at the initial appearance and the arraignment. The Defendant was advised of the maximum possible penalty for each charge at his initial appearance and arraignment. At the change of plea hearing, the Defendant did acknowledge that he understood the plea agreement, he did enter guilty pleas to the five charges, that he had discussed the plea agreement with his attorney Mr. Hartl, and that he was satisfied with those discussions."
*518 The district court also found the prosecutor established the factual basis at the change of plea hearing, and Yost's attorney acknowledged the evidence would be sufficient to convict at trial.
[¶ 20] Notwithstanding this record and the district court's findings, Yost claims the district court did not comply with N.D.R.Crim.P. 11(b)(1) at the change of plea hearing. We disagree. " N.D.R.Crim.P. 11 does not require the trial court's advice to follow a ritualistic, predetermined formality, [but] the court must substantially comply with the procedural requirements of the rule to [e]nsure the defendant is entering a voluntary guilty plea." Abdi , 2000 ND 64, ¶ 12, 608 N.W.2d 292.
"A trial court is not required to readvise a defendant of each of his rights at a change of plea hearing, provided the court determines that the defendant was properly advised at arraignment, and that the defendant now recalls that advice. It is sufficient to satisfy due process if the defendant's knowledge of his rights is clearly reflected from the whole record."
State v. Gunwall , 522 N.W.2d 183, 185 (N.D. 1994).
[¶ 21] Yost argues the district court did not comply with N.D.R.Crim.P. 11(b)(2), under which the district court must personally address the defendant to ensure the plea agreement was voluntary and not coerced. This argument lacks merit. At the change of plea hearing, the district court and Yost discussed this rule:
"[THE COURT:] Has anybody threatened or coerced you into entering these pleas of guilty?
THE DEFENDANT: No, sir.
THE COURT: Other than the potential plea agreement, has anybody promised you anything to encourage you to enter a plea of guilty?
THE DEFENDANT: No, sir."
The district court also ensured Yost discussed the agreement with his attorney. This exchange substantially complied with the rule.
[¶ 22] Yost argues N.D.R.Crim.P. 11(b)(4), effective March 1, 2014 (after his change of plea hearing on August 28, 2013), requires acknowledgment by the defendant of the factual basis for a guilty plea. He claims the amended rule applies because the 2014 appeal reversed the judgment. Yost also argues N.D.R.Crim.P. 11(b)(3) requires him to personally acknowledge the factual basis, which he has not done since the change of plea hearing. Rule 11(b)(4) was added March 1, 2014, after Yost's guilty pleas. The State argues N.D.R.Crim.P. 59(a) prohibits retroactive application of the rules and asserts the 2014 appeal did not vacate the judgment but only reversed the sentence. The State responds that the current N.D.R.Crim.P. 11(b)(4) permits defense counsel to confirm acknowledgment of the factual basis by the defendant. In Mackey v. State , this Court contrasted Rule 11(b)(3) with (b)(1), the latter of which requires "addressing the defendant personally," to hold 11(b)(3) does not require the district court to directly address the defendant. 2012 ND 159, ¶ 9, 819 N.W.2d 539 (citing United States v. King , 604 F.2d 411, 414 (5th Cir. 1979) ; Davis v. United States , 470 F.2d 1128, 1128 n.2 (3d Cir. 1972) ; State v. Hagemann , 326 N.W.2d 861, 870 (N.D. 1982) ). Without deciding whether N.D.R.Crim.P. 11(b)(4) applied, we conclude the district court did not err in accepting the Alford pleas without "directly questioning [Yost] regarding the factual basis for his guilty plea." Mackey , at ¶ 9.
IV
[¶ 23] Yost argues he received ineffective assistance of counsel at the *519 change of plea hearing and should be allowed to withdraw his guilty pleas as a matter of justice.
"Ordinarily, a claim of ineffective assistance of counsel should be resolved in a post-conviction proceeding under N.D.C.C. ch. 29-32.1, so the parties can fully develop a record on the issue of counsel's performance and its impact on the defendant's claim. When a claim for ineffective assistance of counsel is argued on direct appeal, we review the record to decide if the assistance of counsel was plainly defective. Unless the record affirmatively shows ineffectiveness of constitutional dimensions, the complaining party must show some evidence in the record to support the claim. Representations and assertions of appellate counsel are not enough to establish a claim of ineffective assistance. To successfully claim ineffective assistance of counsel, a defendant must establish counsel's representation fell below an objective standard of reasonableness and the defendant was prejudiced by counsel's deficient performance."
State v. Bertram , 2006 ND 10, ¶ 39, 708 N.W.2d 913 (citations omitted).
"To demonstrate prejudice, the defendant must establish a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different, and the defendant must specify how and where trial counsel was incompetent and the probable different result."
[¶ 24] State v. Bates , 2007 ND 15, ¶ 19, 726 N.W.2d 595 (citing State v. Palmer , 2002 ND 5, ¶ 11, 638 N.W.2d 18 ). "Effectiveness of counsel is measured by an 'objective standard of reasonableness' considering 'prevailing professional norms.' " Lange v. State , 522 N.W.2d 179, 181 (N.D. 1994) (citing Strickland v. Washington , 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) ).
[¶ 25] Yost argues that Hartl's representation was unreasonable and "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Lindsey v. State , 2014 ND 174, ¶ 19, 852 N.W.2d 383 (citations and quotation marks omitted). Yost bases this argument on Hartl's failure to file a motion to suppress evidence from an alleged Miranda violation and misinformation about elements of the gross sexual imposition charges. However, Yost acknowledges he voluntarily agreed to the terms of the plea agreement and understood the charges, albeit not in detail. Yost does not point to an objective measure of Hartl's alleged misrepresentation or ineffectiveness as required for the first prong of the Strickland test. His voluntary and knowing assent to the plea agreement counteracts his claim that Hartl's misrepresentation led to a different, less favorable result. As the district court ruled,
"Based upon the discussions the Court had with the Defendant, and his decision to voluntarily plead guilty, the Court does not find that the Defendant has established facts supporting a determination that he received ineffective assistance of counsel, and will not allow a withdrawal of his guilty pleas on that basis."
Failing both prongs of the Strickland test and lacking evidence in the record to support the claim, Yost's argument fails.
V
[¶ 26] Yost argues the district court lacked jurisdiction to amend the amended judgment after Yost's appeal. The State agrees. Rule 35, N.D.R.Crim.P., governs correcting or reducing an illegal sentence and states "the court is prohibited *520 from acting during the pendency of an appeal." Explanatory Note; see State v. Meier , 422 N.W.2d 381, 386 (N.D. 1988) (concluding "the trial court lacked jurisdiction to correct the sentence once the notice of appeal was filed" and reversing the order for correction of sentence). While this case was on appeal, the district court amended the judgment on February 1, 2018, after the Department of Corrections and Rehabilitation indicated Yost erroneously received double credit for twenty-five days. Accordingly we vacate the second amended judgment with instructions to correct the sentence on remand.
VI
[¶ 27] We affirm the district court's order denying Yost's motion to withdraw guilty pleas. We vacate the second amended judgment and remand with instructions to correct the sentence.
[¶ 28] Daniel J. Crothers
Lisa Fair McEvers
Jon J. Jensen
Gerald W. VandeWalle, C.J.
Jerod E. Tufte