# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2019 ND 140

State of North Dakota,                                                  Plaintiff and Appellee

v.

Joshua Michael Peterson,                                          Defendant and Appellant

No. 20180422

Appeal from the District Court of Ward County, North Central Judicial District, the Honorable Douglas L. Mattson, Judge.

AFFIRMED.

Opinion of the Court by VandeWalle, Chief Justice.

Christopher W. Nelson, Assistant State's Attorney, Minot, ND, for plaintiff and appellee.

Benjamin D. Migdal, Minot, ND, for defendant and appellant.

**VandeWalle, Chief Justice.**

[¶1] Joshua Michael Peterson appealed from an order denying his motion to withdraw his guilty plea. We conclude the district court did not abuse its discretion in denying Peterson's motion. We affirm.

I

[¶2] On April 30, 2015, the State filed a complaint charging Peterson with class B felony burglary in violation of N.D.C.C. §§ 12.1-22-02; 12.1-22-02(2)(b); and 12.1-32-01. Peterson pleaded guilty to one count of burglary at a June 10, 2015 change of plea hearing. Early in the hearing, the district court mistakenly referred to the burglary charge as a class C felony. The court shortly corrected itself and asked Peterson if he still wished to plead guilty. After discussion with his attorney, Peterson stated he still wished to plead guilty.

[¶3] The State provided a factual basis for the plea, stating Peterson fled the scene of the crime in a manner that appeared to be an attempt to strike the arresting officer with a vehicle. Peterson's attorney stated:

> Your Honor, just in regard to the vehicle. He was fleeing the scene. He wasn't directing anything at an officer, but he was fleeing the scene in his vehicle. And his vehicle was eventually brought to a halt.

Peterson agreed with his counsel's statement. The court found Peterson knowingly, voluntarily, and intelligently entered the guilty plea and there was a sufficient factual basis. Peterson received 10 years' imprisonment, with all but five suspended.

[¶4] In September 2015, the State moved to amend the judgment to reflect that Peterson pleaded guilty under N.D.C.C. § 12.1-22-02(2)(b) and the requirement that he serve eighty-five percent of his sentence under N.D.C.C. § 12.1-32-09.1 applied. The court issued an amended criminal judgment on February 16, 2016, which this

Court upheld on appeal. *See State v. Peterson*, 2016 ND 192, 886 N.W.2d 71. Many of the issues raised in the current appeal were peripherally touched upon in that appeal. *Id*. On February 29, 2016, the court entered a second amended judgment changing the listed statute violated from N.D.C.C. § 12.1-22-02 to N.D.C.C. § 12.1-22-02(2)(b). Peterson filed a motion to withdraw his guilty plea on July 6, 2018. After a hearing, the court denied the motion.

## II

[¶5]    On appeal, Peterson argues his motion to withdraw his guilty plea should have been granted because the sentencing court did not sufficiently comply with N.D.R.Crim.P. 11. Peterson also argues his attorney's failure to inform him that the eighty-five percent rule attached to a conviction under N.D.C.C. § 12.1-22-02(2)(b) fell below the objective standard of reasonable representation. In the alternative, Peterson argues manifest injustice requires withdrawal of his guilty plea.

[¶6]    This Court reviews a district court's denial of a motion to withdraw a guilty plea under the abuse of discretion standard. *State v. Feist*, 2006 ND 21, ¶ 22, 708 N.W.2d 870. A district court abuses its discretion when it acts in an arbitrary, unreasonable, or capricious manner, or misinterprets or misapplies the law. *Id*. The provisions of N.D.R.Crim.P. 11 "are mandatory and substantial compliance is required to ensure a defendant knowingly and voluntarily enters a guilty plea." *State v. Yost*, 2018 ND 157, ¶ 17, 914 N.W.2d 508. "The purpose of the procedure outlined in Rule 11(b) is to ensure that the defendant is fully aware of the consequences of a guilty plea before he enters his plea." *Id*. "N.D.R.Crim.P. 11 does not require the trial court's advice to follow a ritualistic, predetermined formality, but the court must substantially comply with the procedural requirements of the rule to ensure the defendant is entering a voluntary guilty plea." *Id*. at ¶ 20.

## A

[¶7]    Rule 11(b)(3), N.D.R.Crim.P., states, "[b]efore entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea." *Mackey v.*

*State*, 2012 ND 159, ¶ 9, 819 N.W.2d 539. Determining a factual basis for the guilty plea "ensures a defendant is guilty of the crime charged." *Id*. at ¶ 12. "The ideal means to establish the factual basis for a guilty plea is for the district court to ask the defendant to state, in the defendant's own words, what the defendant did that he believes constitutes the crime to which he is pleading guilty." *Id*. However, this Court has identified three ways in which a factual basis may be determined:

> First, the court could inquire directly of the defendant concerning the performance of the acts which constituted the crime. Secondly, the court could allow the defendant to describe to the court in his own words what had occurred and then the court could question the defendant. Thirdly, the court could have the prosecutor make an offer of proof concerning the factual basis for the charge.

*Id*. "Ultimately though, in order to establish a sufficient factual basis an inquiry might be made of the defendant, of the attorneys for the government and the defense, of the presentence report when one is available, or by whatever means is appropriate in a specific case." *Id*. (*citing* Fed.R.Crim.P.11, Advisory Committee Notes (1974 Amends.)).

[¶8]    The district court may determine a factual basis exists "from anything that appears on the record." *Mackey*, 2012 ND 159, ¶ 13, 819 N.W.2d 539. "Relying on the contents of the entire record for finding a factual basis is consistent with the language of N.D.R.Crim.P. 11(b)(3), which merely requires that a factual basis be established '[b]efore entering judgment on a guilty plea.'" *Id*. A factual basis setting forth the elements of the crime may be enough if it is sufficiently specific. *Froistad v. State*, 2002 ND 52, ¶ 20, 641 N.W.2d 86.

[¶9]    Here, the court found a factual basis for the guilty plea. The complaint and information alleged that Peterson "attempted to inflict bodily injury on . . . or menaced" the officer with imminent serious bodily injury while "in immediate flight" from the scene of the crime. The affidavit accompanying the complaint stated Peterson attempted to strike a police officer with the vehicle he was driving. While explaining the charges to the court, the State stated Peterson "drove the motor vehicle

3

towards law enforcement . . . in an attempt it looked as though through the physical evidence an attempt to strike [the officer]." Based on the record, including the complaint, the information, and the State's explanation of events at the change of plea hearing, there was a sufficient factual basis for the guilty plea.

B

[¶10] After determining there is a factual basis for the plea, the district court must also find that the defendant either:

A)     acknowledges facts exist that support the guilty plea; or
B)     while maintaining innocence, acknowledges that the guilty plea is knowingly, voluntarily and intelligently made by the defendant and that evidence exists from which the trier of fact could reasonably conclude that the defendant committed the crime.

N.D.R.Crim.P. 11(b)(4). "To establish a factual basis for the plea, the court must ascertain that the conduct which the defendant admits constitutes the offense charged in the indictment or information or an offense included therein to which the defendant has pleaded guilty." *State v. Berg*, 2015 ND 61, ¶ 8, 860 N.W.2d 829. The court accepting the plea should compare the elements of the crime charged to the facts admitted by the defendant. *State v. Bates*, 2007 ND 15, ¶ 8, 726 N.W.2d 595.

[¶11] In this case, Peterson agreed with all but one aspect of the State's factual statement. When questioned at the 2018 motion hearing, Peterson agreed that "the only thing [he] disagreed with" was that he did not intend to direct the vehicle at the officer when fleeing the scene. While Peterson contends his attorney's statement was a denial of the factual basis, the record does not support this contention. After the State gave the factual basis for the plea agreement, Peterson's attorney stated Peterson "was fleeing the scene. He wasn't directing anything at an officer, but he was fleeing the scene in his vehicle." This statement appears to be an attempt to mitigate rather than a denial of the factual basis. Peterson's attorney did not argue that Peterson did not attempt to inflict bodily injury or menace the officer, just that Peterson was not specifically directing the vehicle at the officer.

4

[¶12]   The State charged Peterson with attempting to inflict bodily injury upon or menacing the officer when he fled the scene of the burglary, a class B felony. N.D.C.C. § 12.1-22-02(2)(b). North Dakota law defines menacing as "knowingly plac[ing] or attempt[ing] to place another human being in fear by menacing him with imminent serious bodily injury." N.D.C.C. § 12.1-17-05. A person engages in conduct knowingly if, "when he engages in the conduct, he knows or has a firm belief, unaccompanied by substantial doubt, that he is doing so, whether or not it is his purpose to do so." N.D.C.C. § 12.1-02-02(1)(b). We previously determined imminent means "near at hand; mediate rather than immediate; close rather than touching; impending; on the point of happening; threatening; menacing; perilous." *State v. Bruce*, 2012 ND 140, ¶ 10, 818 N.W.2d 747.

[¶13]   Under North Dakota law, an individual can be found guilty of menacing by either "knowingly placing" or "knowingly attempting to place" an individual in fear of imminent serious bodily injury. *Bruce*, 2012 ND 140, ¶ 12, 818 N.W.2d 747. Here, Peterson knew he was driving the vehicle toward the officer during his attempt to flee, even if he did not intend to strike the officer. By driving in the direction of the officer, Peterson knowingly placed or attempted to place the officer in fear of serious bodily harm. That is all N.D.C.C. § 12.1-17-05 requires. Whether Peterson drove towards the officer in an attempt to flee the scene, as his attorney suggested, or to cause serious bodily injury, the standard for menacing has been met. Peterson's agreement that he was fleeing the scene in his vehicle, even if not intending to direct the vehicle at the officer, was enough to acknowledge facts existed to support a guilty plea.

### III

[¶14]   Peterson argues he received ineffective assistance of counsel because his attorney did not inform him N.D.C.C. § 12.1-32-09.1 requires him to serve eighty-five percent of his sentence. Specifically, Peterson claims he asked his attorney to explain the difference between a class B and a class C felony and was told the only difference is the length of sentence.

5

[¶15]   Usually, a claim of ineffective assistance of counsel should be resolved in a post-conviction proceeding rather than on direct appeal to allow the parties to develop a record of the counsel's performance and its impact on the defendant's claim. *Yost*, 2018 ND 157, ¶ 23, 914 N.W.2d 508.  "To successfully claim ineffective assistance of counsel, a defendant must establish counsel's representation fell below an objective standard of reasonableness and the defendant was prejudiced by counsel's deficient performance." *Id*. To demonstrate prejudice, the defendant must establish a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different, and the defendant must specify how and where trial counsel was incompetent and the probable different result. *Id*.  Here, the district court provided Peterson with a hearing and allowed him to testify on how he believed his counsel was ineffective.  Peterson testified his attorney did not inform him of any requirement that he had to serve a certain portion of his sentence.

[¶16]   The eighty-five percent rule Peterson refers to is found in N.D.C.C. § 12.1-32-09.1(1). The statute mandates that anyone convicted of a crime in violation of N.D.C.C. § 12.1-22-02(2)(b) "and who receives a sentence of imprisonment is not eligible for release from confinement on any basis until eighty-five percent of the sentence imposed by the court has been served or the sentence is commuted." N.D.C.C. § 12.1-32-09.1(1). The requirement to serve eighty-five percent of a sentence applies only to convictions under the statutes specifically listed in N.D.C.C. § 12.1-32-09.1(1), not all class B felonies.

[¶17]   This Court has found "[i]t is likely not ineffective assistance of counsel to fail to inform a defendant about the 85 percent rule." *Sambursky v. State*, 2008 ND 133, ¶ 11, 751 N.W.2d 247. While "[f]ailure to inform about the 85 percent service requirement is not per se improper," this Court has stated that "misinformation about the length of a sentence can be viewed as below the objective standard of reasonableness." *Stein v. State*, 2018 ND 264, ¶ 12, 920 N.W.2d 477. Counsel does not "actively misinform" a defendant by failing to inform the defendant of the eighty-five percent service requirement. *Sambursky*, at ¶ 25.

[¶18] Here, the record does not show the counsel's assistance was plainly defective. Peterson's attorney did not inform him about the eighty-five percent rule attached to a guilty plea under N.D.C.C. § 12.1-22-02(2)(b), but the record does not suggest Peterson's attorney actively misinformed him about the length of sentence. Stating that the difference between a class B and a class C felony is the length of sentence is not incorrect. Because the eighty-five percent rule does not apply to all class B felonies, the rule's application is not obvious and the attorney did not actively misinform his client. Peterson failed to show his attorney's conduct fell below the objective standard of reasonableness.

IV

[¶19] Peterson argues he should be allowed to withdraw his guilty plea because of manifest injustice based solely on the sentencing court's alleged procedural errors.

[¶20] "Unless the defendant proves that withdrawal is necessary to correct a manifest injustice, the defendant may not withdraw a plea of guilty after the court has imposed sentence." N.D.R.Crim.P. 11(d)(2); *see also State v. Guthmiller*, 2019 ND 85, ¶ 6, 924 N.W.2d 785. Determining whether manifest injustice exists for withdrawal of a guilty plea lies with the trial court and will not be reversed on appeal except for an abuse of discretion. *Guthmiller*, at ¶ 6. An abuse of discretion under N.D.R.Crim.P. 11(d) occurs when the court's legal discretion is not exercised in the interests of justice. *Yost*, 2018 ND 157, ¶ 6, 914 N.W.2d 508.

[¶21] "A manifest injustice may result from procedural errors by the sentencing court." *Yost*, 2018 ND 157, ¶ 15, 914 N.W.2d 508. However, this Court has been reluctant to order a guilty plea withdrawn without evidence that suggests the defendant did not understand the nature of any agreement or sentencing recommendation. *Id.* Here, Peterson has not provided evidence that he did not understand the nature of the plea agreement. The court sentenced Peterson to ten years' imprisonment with five years suspended, the same sentence proffered by Peterson's attorney when asked what the plea agreement envisioned. Even with the

7

application of the eighty-five percent rule, Peterson cannot show he did not understand the nature of the plea agreement or sentencing recommendation. The district court did not abuse its discretion in finding manifest injustice did not exist.

V

[¶22]   We affirm the district court's order denying Peterson's motion to withdraw his guilty plea.

[¶23]   Gerald W. VandeWalle, C.J.
          Jon J. Jensen
          Lisa Fair McEvers
          Daniel J. Crothers
          Jerod E. Tufte